# Birmingham Water Works Co. *v.* Hume.

*Bill in Equity to Compel a Corporation to Transfer Shares of Stock.*

1. *Husband and wife; rights of as between themselves in personal property, by what law determined.*—The rights as between themselves of husband and wife in personal property coming to the wife, attach under and are governed by the law of the place where they are domiciled at the time the property is received.

2. *Common law; where presumed to prevail.*—When the contrary is not shown it will be presumed that the common law prevails in states which are judicially known to be of common origin with this State.

3. *Same; power of husband at, over choses in action of the wife.* By the common law, the husband is entitled during coverture to reduce to his possession and ownership choses in action belonging to the wife at marriage, or accruing to her during continuance of the coverture; and to assign for valuable consideration the choses in action of the wife which are capable of being reduced to possession so as to vest the beneficial ownership, at least, in the purchaser.

4. *Shares in the capital stock of a corporation belonging to the wife are chosen in action assignable by the husband at common law.*—Shares in the capital stock of a corporation are classed as choses in action, and if belonging to the wife are subject, where the common law prevails, to the husband's common law power of appropriation; and may be assigned by him for value in the exercise of his common law marital rights; and no concurrence or act of transfer on the part of the wife is necessary to perfect this power and right of the husband.

APPEAL from the Chancery Court of Birmingham.

Heard before the Hon. THOS. COBBS.

On the 27th day of February, 1895, the Birmingham Water Works Company issued a certificate of stock to Mrs. B. C. Johnson, who was at the time the wife of J. T. Johnson, and lived with her husband in Tennessee. Mrs.

[Birmingham Water Works Co. v. Hume.]

Johnson indorsed the certificate by signing an indorsement printed on the back of it, to the effect that she bargained, sold and assigned the said stock. The name of the transferee was not inserted. She gave the certificate thus assigned to her husband. The husband for a valuable consideration being for money loaned to him, transferred the certificate, as a collateral, to Robbins & Gammon, who filled the indorsement signed by Mrs. Johnson with their names. J. T. Johnson having redeemed the certificate, Robbins & Gammon retransferred the same to him by written transfer. Johnson then sold the certificate to complainant, Hume, and transferred and assigned it to him in writing. The bill in this cause is brought by W. D. Hume against the Water Works Company and others to compel a transfer of the stock on the books of the company, and the payment of the dividends to him. It alleges that Mrs. Johnson claims the stock and has forbidden its transfer to any one. The defendants demurred to the bill on the grounds, that Mrs. Johnson was a married woman, as shown by the bill, at the time of the alleged transfer by her, and the attempted transfer was insufficient in law in that it did not appear that the husband signified his assent; and that Mrs. Johnson by the attempted transfer undertook to pledge her property as security for the debts of her husband; and that it did not appear the complainant ever paid value for said shares of stock. The court overruled the demurrer, and from this decree the defendants appealed, and assign its rendition as error.

Affirmed.

ALEX T. LONDON, for appellant.—1. It is now held—*Castleman v. Jeffries,* 60 Ala. 380, having been overruled—that where there is no proof of the law of another State, no judicial knowledge of the origin which would raise the presumption that the common law prevailed there, it will be presumed that the law of the forum in which the issue is being tried, is the law of that State on the question under consideration.—*Kinnebrew v. Southern, etc., Co.,* 106 Ala. 377; *Peet v. Hatcher,* 112 Ala. 514.

2. But if it should be held that the common law prevails in Tennessee, then only a registry will reduce the wife's stock to possession.—*Wildman v. Wildman,* 9 Vec. Jr., 174; *Slaymake v. Bank, etc.,* 10 Pa. St., 373; Cook on Corporations, § 319.

JAMES E. WEBB, *contra.*—The law of the domicile of husband and wife regulates the marital rights of the husband in the wife's personal property. The husband had the right to reduce the stock to possession, and to use the necessary means; and without consent of the wife. Cases cited—57 Am. Dec., 108; 73 *Ib.* 299; 40 *Ib.* 755; *Rice v. Reynolds,* 8 Lea Tenn. Repts., 36; *Vandeveer v. Alabama,* 16 Ala. 494; *Olmstead v. Keys,* 85 N. Y., 593; *Browning v. Headley,* 40 Am. Dec., 755.

SHARPE, J.—As between the husband and the wife their rights in personal property coming to the wife attach under and are governed by the law of the place where they are domiciled at the time the property is received.—*McAnally v. O'Neal,* 56 Ala. 299; *Gluck v. Cox,* 75 Ala. 310; 3 Am. & Eng. Ency. Law, 575. The rule is established here that when the contrary is not shown, it will be presumed that the common law prevails in States which are judicially known to be of common origin with this State.—*Inge v. Murphy,* 10 Ala. 885; *Connor v. Trawick's Admr.,* 37 Ala. 289; *Bradley v. Harden, Admr.,* 73 Ala. 70; 1 Brick. Dig., p. 349, § 9. The case of *Kennebrew v. Southern, etc., Co.,* 106 Ala., cited as being opposed to this rule, was ruled with express reference to the peculiar legal system of Louisiana, and is not in conflict with the rule stated.

Tennessee having an origin common with that of the older States, and nothing appearing in the bill to destroy the presumption of the reign there of common law, we must apply it in determining this case.

By the common law the husband was entitled during coverture to receive and to reduce to his possession and ownership all choses in action belonging to the wife at the time of marriage, or which may accrue to her while the coverture continues. As to what acts of the husband will amount to such reduction to his possession no rule

has been declared which will apply with precision to the varied transactions of that nature. That the husband may during the coverture in the assertion of his marital rights and for a valuable consideration assign the choses in action of the wife which are capable of being immediately reduced to possession so as to vest at least the beneficial ownership in the purchaser, the authorities are generally agreed.—2 Kent's Com., 137-139 and notes; Clancy on Husband and Wife, 150; *Schuyler v. Hoyle*, 5 Johns. Ch., 196; *Needles v. Needles*, 7 Ohio St., 432; *Chaplinger v. Sullivan*, 37 Am. Dec., 575, and cases collected in note; *Siter's Appeal*, 4 Rawle, 467; *McConnell v. Wenrick*, 16 Penn. St., 365; *Webb's Appeal*, 21 Penn. St., 248; *Rice v. McReynolds*, 8 Lea, 36; *George v. Goldsby*, 23 Ala. 326.

Shares in the capital stock of a business corporation cannot be reduced to possession by collection as in the case of monied contracts, but representing as they do intangible interests in the property of the corporation they are classed as choses in action and when belonging to the wife are subject to the husband's common law power of appropriation, and this power he may exercise by assigning the shares for value.—*Cummings v. Cummings*, 146 Mass., 501; *Rice v. McReynolds, supra.* The last named case is confirmatory of the presumption that as to such right of the husband the common law rule was prevailing in Tennessee when these transactions were had.

Whether the pledge of Mrs. Johnson's stock in 1895 amounted to a reduction to the possession of her husband may become a question of fact depending largely upon whether his intention was to thereby finally appropriate the stock as his own. The bill avers substantially that such was his purpose and its sufficiency in that respect is not challenged by demurrer. No concurrence or act of transfer on the part of Mrs. Johnson was needed to perfect her husband's common law right and power of appropriation. The transaction being in Tennessee the statutes of Alabama relating to the disposition of the wife's property are without application to this case.

The decree of the chancery court will be affirmed at appellants' cost.

Affirmed.