*681 June 1,1979
On Motion for Rehearing
This case comes before this panel of the court on defendant’s motion for rehearing of the order entered in the case on June 22, 1978, and on the refusal of the active judges of the court (as indicated in the order of September 29, 1978) to rehear the case en banc.
In our original order of June 22, 1978 we described the case as follows: "This pro se personal income tax case comes before the court without oral argument on the parties’ cross-motions for summary judgment. Plaintiff brings suit for the recovery of income taxes paid on the income earned by her husband in Spain in 1975. She is a Spanish national, who has resided in Spain her entire life. Her husband, whom she married in Spain in 1972, is a United States citizen; he regards the United States as his permanent home and is apparently domiciled in Kansas, a noncommu-nity property state. He is a member of the United States Navy and performed his duties in Spain in 1975. Mrs. West claims that under the Spanish Civil Code, [footnote omitted] if two parties enter into a marriage in Spain with no antenuptial agreement, the marriage is subject to the community property laws of Spain. It is her theory that since the income earned by her husband in 1975 for services performed in Spain is non-United States source income (I.R.C. § 862(a)(3)) and she is a nonresident alien who was married in Spain without any antenuptial agreement, her half share of her husband’s 1975 income is nontaxable.”
We held in the order of June 22, 1978 that (a) the law of Spain determined (for the taxable year 1975)[1] the ownership of the income, (b) under the community property law of Spain the plaintiffs wife had a half interest in her husband’s earnings, and (c) under the Internal Revenue Code the plaintiffs wife, as a nonresident alien, was entitled to exclude from gross income her share of the income earned by her husband outside of this country. On that basis, we ruled that plaintiff was entitled to a refund of $611.82, plus interest as provided by law.
*682 Defendant’s motion for rehearing (as supplemented) insists that ownership of the husband’s earnings should be determined by the law of Kansas, his domicile (even though he was then a resident in Spain and the money was earned there) and that under Kansas law-he was the sole owner of all of his earnings.
In response to the rehearing motion we have gone into the matter anew but have found no decision and no authority controlling the particular situation now before us. There are, however, certain general rules (with respect to ownership of marital property) which seem to be accepted. First, there is a category of cases in which the spouses, both domiciled and resident in the same state, receive income from the state of residence. In those circumstances, the law of the domicile governs, there being no other state with an equal or predominant interest. Sec, e.g., United States v. Mitchell, 403 U.S. 190 (1971); Poe v. Seaborn, 282 U.S. 101 (1930); Restatement (Second) of Conflicts, § 258(2) (1971) (unless there is a contract to the contrary; great weight is given to the law of the state where both spouses were domiciled at the time personal property is acquired).
A second category of cases consists of those situations in which the spouses, both domiciled and resident in the same state, receive income from a state other than that of their residence. Here, too, the general rule seems to be that the law of the domiciliary state (which is likewise the state of both spouses’ residence) controls. See Zaffaroni v. Commissioner, 65 T.C. 982, 989 (1976), and cases cited; Commissioner v. Porter, 148 F. 2d 566, 569 (5th Cir. 1945); Shilkret v. Helvering, 138 F. 2d 925 (D.C. Cir. 1943).
Still another category involves spouses with different domiciles, and the earner receives income in the state of his or her residence and domicile. Again, the earner’s domicile controls ownership, but we think it significant that that is also the state of residence and of the earning of the income. See Birmingham Waterworks Co. v. Hume, 121 Ala. 168, 25 So. 806 (1899); Hunt v. Commissioner, 22 T.C. 228 (1954); Owens v. Commissioner, 26 T.C. 77 (1956); Lord v. Commissioner, 60 T.C. 199 (1973), aff’d in relevant part, 525 F. 2d 741 (9th Cir. 1975).
None of these classes includes what we now have before us — husband and wife domiciled in different places (Kansas and Spain), residing in one place (Spain), which is also the jurisdiction where the money was earned. In that situation *683 it may be that the law of the earner’s own domicile (Kansas) determines ownership (see Restatement (Second) of Conflicts § 258, comment c) but it also may be that Spain has the more significant relationship to the spouses and to the earnings — and therefore that its internal law should prevail on ownership. See Restatement (Second) of Conflicts, § 258(1). We need not try to solve that problem in vacuo because it is likewise a recognized precept that in any event the situs state — the place where the income was earned or the movable was acquired — can determine the marital interests by its own law if it affirmatively seeks to do so. See R. Leflar, American Conflicts Law (1968) § 235 at 565; H. Goodrich, Handbook of the Conflict of Laws § 124 at 252 (4th ed. Scoles editor, 1964).
We think that, in Articles 1315 and 1325 of the Spanish Civil Code,[2] Spain has affirmatively elected to have the ownership of Spanish earnings of spouses married in Spain determined by Spanish principles of community property (in the absence of an ante-nuptial contract) — at least where, as here, one spouse is domiciled in Spain, both are resident there, the income is earned there, and the wife’s interest in her husband’s earnings was vested under Spanish law and not a mere expectancy. Cf. Succession of Dill, 155 La. 47, 98 So. 752 (1923); Zaffaroni v. Commissioner, 65 T.C. 982, 988 (1976). This interpretation of Spanish law would seem to be bolstered by the general principle that normally the law of the jurisdiction with the more significant relationship should prevail as to ownership. Spain is far more than a stranger to Mr. West’s earnings there. Indeed, that country can be said to have decided that it has a more important relationship to the husband’s earnings in Spain during his marriage there to a *684 Spanish national than Kansas, the state from which he had come before his marriage.[3]
For these reasons, we deny defendant’s motion for rehearing and adhere to our judgment that plaintiff is entitled to a refund of $611.82, plus interest as provided by law.
It is so ordered

 The Internal Revenue Code was changed for taxable years beginning after December 31, 1976.

 The certified translation of the Spanish Civil Code provided by the plaintiff reads as follows:
ARTICLE 1315. Persons to be married can draw up their marriage articles before the celebration of said marriage, stipulating the conditions of the conjugal society, in regard to present and future property, with no other limitations than those set forth in this Code.
In the absence of said contract regarding property, it will be understood that the marriage is contracted under the legal system of — community property.
ARTICLE 1325. If marriage is contracted in a foreign country between a Spanish husband and a foreign wife or a foreign husband and a Spanish wife, and no declarations or stipulations are made regarding property, it will be understood that when the Spanish party is the husband, the marriage comes under the community property system, and when the Spanish party is the wife, the marriage will come under the general law in the country of the husband; the aforesaid does not effect [sic] what is established in this Code regarding real property.

 Neither party contends that the ownership of the earnings of plaintiffs husband should be influenced by the fact that he was a United States serviceman or that his earnings consisted of Navy pay.