[No. 6597.  Decided July 10, 1907.]

JOHN U. BROOKMAN *et al., Appellants*, v. EUGENE W. DURKEE *et al., Respondents*.[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY—FUNDS ACQUIRED IN ANOTHER STATE—WHAT LAW GOVERNS. Real property in this state is the separate property of the husband, where it was purchased by him with money acquired by him in trade after marriage while domiciled with his wife in another state under laws making such money his separate property; for to hold the same community property would affect vested rights.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered November 14, 1906, upon findings in favor of the defendants, after a trial before the court without a jury, in an action to quiet title. Reversed.

*Walker & Munn*, for appellants, contended, *inter alia*, that to hold the property to be community property would interfere with vested rights. McGehee, Due Process of Law (1st ed.), pp. 142, 143, 201; Cooley, Const. Lim. (7th ed.), pp. 508, 549; 4 Kent, Commentaries (14th ed.), p. 202; *Pearsall v. Great Northern R. Co.*, 161 U. S. 646, 16 Sup. Ct. 705, 40 L. Ed. 838. The purchase for investment was not an

[1] Reported in 90 Pac. 914.

"acquisition" of property.  *Leibes v. Steffy,* 4 Ariz. 11, 32 Pac. 261; *Depas v. Mayo,* 11 Mo. 314, 49 Am. Dec. 81.

*Frank Allyn,* for respondents, to the point that the *lex rei sitae* should govern the acquisition, control, holding, descent and distribution of real property in this state acquired by nonresidents, cited: *La Selle v. Woolery,* 14 Wash. 70, 44 Pac. 115, 53 Am. St. 855, 32 L. R. A. 73; *Pratt v. Douglas,* 38 N. J. Eq. 516; *Burnet v. Burnet,* 46 N. J. Eq. 144; *Penny v. Christmas,* 7 Rob. (La.) 48; *Jones v. Gerock,* 59 N. C. (Jones' Eq.) 190; *Mitchell v. Word,* 60 Ga. 525; *Lamar v. Scott,* 3 Strob. (S. C. Law) 562; *Potter v. Titcomb,* 22 Me. 300; *Grimball v. Patton,* 70 Ala. 626; *Apperson v. Bolton,* 29 Ark. 418; *Garland v. Rowan,* 2 Smedes & Mar. (Miss.), 617; *M'Cormick v. Sullivant,* 10 Wheat. 192, 6 L. Ed. 300; 2 Scribner, Dower (2d ed.), § 24; Story, Conflict of Laws (8th ed.), §§ 448, 454; *Duncan v. Dick,* Walker (Miss.) 288; *Sneed v. Ewing,* 28 Ky. 460, 22 Am. Dec. 41; Wharton, Conflict of Laws, § 273; Minor, Conflict of Laws, § 80. Our community property, as far as real estate located here is concerned, applies alike to residents and nonresidents. Ballinger, Community Property, pp. 38, 40; *Hershberger v. Blewett,* 46 Fed. 704; *Gratton v. Weber,* 47 Fed. 852; 14 Cyc. 21, and cases cited. The rule of comity is not obligatory and will not be enforced if opposed to the distinctive public policy of the forum. Note to *Rush v. Landers,* 57 L. R. A. 353 (107 La. 549, 32 South. 95). Our community property laws being a substitute for dower, comity does not require their restriction to residents of the state unless the common law states restrict the dower rights to residents of such states. It is the universal doctrine of all common law states, as well as states where dower is given by statute, that the widow's dower is given, not by the law of domicile, but according to the place where the particular land is situated. Wharton, Conflict of Laws, § 273; Story, Conflict of Laws, (8th ed.), § 448; 10 Am. & Eng. Ency. Law (2d ed.), 142;

Minor, Conflict of Laws, § 80; *Nelson v. Bridport,* 8 Beav. (Eng.) 547; *Depas v. Mayo,* 11 Mo. 314, 49 Am. Dec. 81, and cases before cited.[1]

[1]NOTE.—In the case of *Witherill v. Fraunfelter, post,* p. 699, 91 Pac. 1086, considered with the present case, *Harold Preston* and *Charles E. Patterson,* for appellants, contended, *inter alia,* that the Federal cases of *Hershberger v. Blewett,* 46 Fed. 704, and *Gratton v. Weber,* 47 Fed. 852, did not decide that separate property of non-residents invested in this state became community property. 6 Am. & Eng. Ency. Law (2d ed.), 352, note 4. The word "acquired" in the statute does not include property purchased with separate funds. *Liebes v. Steffy,* 4 Ariz. 11, 32 Pac. 261; *Depas v. Mayo,* 11 Mo. 314, 49 Am. Dec. 81. A community property law taking property from one spouse and giving it to another would be unconstitutional. *Seeber v. Randall,* 102 Fed. 215. Real property purchased with the separate property of nonresidents is not community property. *Kraemer v. Kraemer,* 52 Cal. 302; *In re Burrows Estate,* 136 Cal. 113, 68 Pac. 488; *Freeburger v. Gazzam,* 5 Wash. 772, 32 Pac. 732; *McDaniel v. Harley* (Tex. Civ. App.), 42 S. W. 323; *Oliver v. Robertson,* 41 Tex. 422; *Duke v. Reed,* 64 Tex. 705; *Dubois v. Jackson,* 49 Ill. 49; *Tinkler v. Cox,* 68 Ill. 119; *Hanchett v. Rice,* 22 Ill. App. 442; *Calahan v. Monroe, Smaltz & Co.,* 70 Ala. 271; *Doss v. Campbell,* 19 Ala. 590, 54 Am. Dec. 198; *Elliott v. Hawley,* 34 Wash. 585, 76 Pac. 93, 101 Am. St. 1016; *Dormitzer v. German Sav. & Loan Soc.,* 23 Wash. 132, 62 Pac. 862; *Shumway v. Leakey,* 67 Cal. 458, 8 Pac. 12; *Blethen v. Bonner,* 30 Tex. Civ. App. 585, 71 S. W. 290; *Thayer v. Clarke* (Tex. Civ. App.), 77 S. W. 1050; *Clarke v. Thayer,* 98 Tex. 142, 81 S. W. 1274; *Blethen v. Bonner,* 93 Tex. 141, 53 S. W. 1016.

*E. P. Whiting,* for respondent, contended, that the respective rights of husband and wife in real property are determined by the law of the place where the property is situated. Wharton, Conflict of Laws (3d ed.), §§ 191, 273, 274; *Sneed v. Ewing,* 5 J. J. Marsh. 460, 22 Am. Dec. 41; Schouler, Husband and Wife, § 570; 1 Washburn, Real Property, § 151; *Nelson v. Goree's Admr's,* 34 Ala. 565; *Newcomer v. Orem,* 2 Md. 271, 56 Am. Dec. 717; *Rush v. Landers,* 107 La. 549, 32 South. 95, 57 L. R. A. 353; *Duffy v. White,* 115 Mich. 264, 73 N. W. 363; *McCollum v. Smith,* Meigs (Tenn.) 342, 33 Am. Dec. 147; *La Selle v. Woolery,* 14 Wash. 70, 44 Pac. 115, 53 Am. St. 855, 32 L. R. A. 73; Minor, Conflict of Laws, § 80; Story, Conflict of Laws (8th ed.), § 158. So the widow has dower, not by the law of the place of the marriage or of the domicile, but according to the law of the place where the particular land is situated. 10 Am. & Eng. Ency. Law (2d ed.), p. 142; Minor, Conflict of Laws, § 80; *Depas v. Mayo,* 11 Mo. 314, 49 Am. Dec. 81; *Jones v. Gerock,* 59 N. C. 190; *Lamar v. Scott,* 3 Strob. L. (S. C.) 562; *Mitchell v. Word,* 60 Ga.

525; *Apperson v. Bolton*, 29 Ark. 418; *Duncan v. Dick*, Walk. (Miss.) 281; *Burnet v. Burnet*, 46 N. J. Eq. 144. Our first community property, restricted to residents, was changed to apply also to nonresidents. Bal. Code, §§ 4488-4490, 4496 (P. C. §§ 3875, 3867, 3876, 3884); *Hershberger v. Blewett*, 46 Fed. 704; *Gratton v. Weber*, 47 Fed. 852. The California and Texas cases cited arose under statutes expressly limited to residents of those states. *Kraemer v. Kraemer*, 52 Cal. 302; California Act, 1869, §§ 14, 15; *Blethen v. Bonner*, 30 Tex. Civ. App. 585, 71 S. W. 290; *Thayer v. Clarke* (Tex. Civ. App.), 77 S. W. 1050; Texas Code, § 2975. But in Louisiana where the law is made to apply to nonresidents, property acquired by them is community property. Louisiana Civil Code, art. 2400.—REP.

FULLERTON, J.—In 1849 Eugene R. Durkee, then domiciled and having his residence in the state of New York, intermarried with one Cynthia H. Durkee, and thereafter lived with her as his wife in that state until 1889. In the year last named, Mrs. Durkee died intestate, leaving as her sole heirs-at-law the respondents in this action. During the time the marriage existed, Eugene R. Durkee conducted a manufacturing business in the state of New York, and accumulated as the profits of such business a considerable fortune. In 1888, a year prior to the death of his wife, he used a portion of the fortune so accumulated in the purchase of certain real property situated in Pierce county in this state, and in 1902 died in the state of New York, leaving a will by which he devised the property to the appellants. Neither the husband or wife ever resided or had a domicile in this state. The respondents claim that the real property mentioned was the community property of Eugene and Cynthia Durkee, and that they have an undivided half interest therein as heirs of their mother. The appellants claim that the property was the separate property of Eugene R. Durkee, and that they are the owners of the whole thereof by virtue of the will. At the trial it was conceded that the rules of the common law governed the ownership of personal property acquired by a husband in the course of trade or business in the state of New York, and that money and other personal property accumulated by him in that state, became his sole and separate property subject

to his absolute dominion, and that the wife had no interest therein which would descend to her heirs on her death during the lifetime of her husband. The court held, nevertheless, that the real property purchased in this state during the lifetime of the wife with the funds so accumulated became the community property of the husband and wife, and that the wife's heirs inherited an undivided one-half interest in the property on her death. The correctness of this holding presents the sole question to be determined on this appeal.

The statutes of this state defining separate and community property read as follows:

"Property and pecuniary rights owned by the husband before marriage, and that acquired by him afterwards by gift, bequest, devise or descent, with the rents, issues, and profits thereof, shall not be subject to the debts or contracts of his wife, and he may manage, lease, sell, convey, encumber, or devise, by will, such property without the wife joining in such management, alienation, or incumbrance, as fully and to the same effect as though he were unmarried."

"The property and pecuniary rights of every married woman at the time of her marriage, or afterwards acquired by gift, devise, or inheritance, with the rents, issues, and profits thereof, shall not be subject to the debts or contracts of her husband, and she may manage, lease, sell, convey, encumber or devise by will such property, to the same extent and in the same manner that her husband can, property belonging to him."

"Property, not acquired or owned as prescribed in the next two preceding sections, acquired after marriage by either husband or wife, or both, is community property. The husband shall have the management and control of community personal property, with a like power of disposition as he has of his separate personal property, except he shall not devise by will more than one-half thereof." Bal. Code, §§ 4488, 4489, and 4490 (P. C. §§ 3875, 3867, 3876).

These statutes, the respondents assert, make no distinction between property acquired within this state and property acquired in another state and brought into this state; but that under these statutes all property acquired after marriage

by either husband or wife, not acquired by gift, devise or. inheritance, or from the rents, issues or profits of property so acquired, whether the same be acquired wholly within this state or in some other state and brought into this state, is community property.

But while the statute broadly construed gives countenance to the contention of the respondents, we cannot think it was the intention of the legislature that no distinction should be made between property acquired wholly within this state by the joint efforts of husband and wife, and property acquired by them elsewhere and brought within this state. If it were the intent of the statute that property acquired in another jurisdiction and brought within the state should become community property, its legality might be seriously questioned. It would destroy vested rights. It would take from one of the spouses property over which he or she had sole and absolute dominion and ownership, and vest an interest therein in the other, and if the spouse should be the wife it would not only take away her absolute title, but would take away from her her right to control and manage the property, and make it subject to the separate debts of the husband whether or not she derived any benefit from their contracting, or had any legal or moral obligation to pay them. Therefore, without entering further into the reasons for the rule, we are clear that personal property acquired by either husband or wife in a foreign jurisdiction, which is by law of the place where acquired the separate property of one or the other of the spouses, continues to be the separate property of that spouse when brought within this state; and it being the separate property of that spouse owning and bringing it here, property in this state, whether real or personal, received in exchange for it, or purchased by it if it be money, is also the separate property of such spouse.

While this question has not been directly before this court, analogous cases sustaining the rule can be found. In *Freeburger v. Gazzam*, 5 Wash. 772, 32 Pac. 732, certain per-

sonal property had been seized on an execution against the husband for which the community was liable. The wife sought to recover the property seized, on the ground that it was her separate property, having been acquired by her by purchase with money which she acquired in the state of Kansas and brought into this state. The court held the property to be her separate property, saying that the property was her separate property in the state of Kansas and did not change its status by being brought across our state border. In *Elliott v. Hawley*, 34 Wash. 585, 76 Pac. 93, 101 Am. St. 1016, it was held that real property purchased in this state by a married woman living with her husband, with money earned by her in Alaska, was her separate property, since the money itself was by the laws of that territory her separate property, and its status in that respect was not changed by being brought into this state. This case is precisely in point and would be controlling were it not for the fact that the decision of the question was not necessary to a decision of the case, as the result must have been the same had the property been determined to be community property. But the case, taken with the case first cited, shows that it has been the uniform opinion of this court since its organization, that property acquired in the manner the property in question here was acquired, is separate property. See, also, *Dormitzer v. German Sav. & Loan Society*, 23 Wash. 132, 62 Pac. 862.

The rule that property acquired in a foreign jurisdiction, which is there the separate property of one of the spouses, maintains its separate character when brought into a state having community property laws, prevails also in California, Texas, and Louisiana. *Kraemer v. Kraemer*, 52 Cal. 302; *In re Burrows' Estate*, 136 Cal. 113, 68 Pac. 488; *Oliver v. Robertson*, 41 Texas 422; *Blethen v. Bonner*, 30 Tex. Civ. App. 585, 71 S. W. 290; *Thayer v. Clarke* (Tex. Civ. App.), 77 S. W. 1050; *Tanner v. Robert*, 5 Martin (La. N. S.) 255; *Young v. Templeton*, 4 La. Ann. 254.

We conclude, therefore, that the property in question was the separate property of Eugene R. Durkee, and passed to the appellants on his death by virtue of the terms of his will.

The judgment is reversed, and the cause remanded with instructions to enter a judgment in accordance with this conclusion.

HADLEY, C. J., MOUNT, and CROW, JJ., concur.