[No. 6482.   Decided October 19, 1907.]

JOHN R. WITHERILL *et al., Respondents,* v. JAMES FRAUNFELTER *et al., Appellants*.[2]

Appeal from a judgment of the superior court for King county, Griffin, J., entered August 9, 1906, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to quiet title.   Reversed.

*Harold Preston* and *Charles E. Patterson,* for appellants..

*E. P. Whiting,* for respondents.

Per Curiam.—This is an action brought to quiet the title to certain real property situated in King county.   The property in question was purchased as an investment by one L. B. Lockard, then a married man, domiciled in the state of Pennsylvania, with money accumulated from the profits of a business conducted by himself in that state, while residing therein with his wife.   After the purchase, the wife died, and Lockard sold the land to the predecessors in interest of the appellants.   The respondents claim title as the successors in interest of the heirs of the wife.   The laws of Pennsylvania governing the ownership of money acquired as the money invested in this property was acquired is substantially the common law; the money being under the absolute control and dominion of the husband.   The single question presented by the record is, was the real property in question the separate property of Lockard or

[1]Reported in 91 Pac. 1135.

[2]Reported in 91 Pac. 1086.

the community property of Lockard and wife. If it was the former, the appellants have title, if the latter, title is in the respondents.

. This precise question was presented to this court in the case of *Brookman v. Durkee, ante* p. 578, 90 Pac. 914, and the property then in question decided to be the separate property of the husband. That case is controlling here, and requires a reversal of the judgment entered by the court below. The order will be, therefore, that the judgment appealed from be reversed, and the cause remanded with instructions to enter a judgment in favor of the appellants for the interest in dispute.