[No. 20704.   Department Two.   December 2, 1927.]

### ADDIE MYERS, *Appellant*, v. LENA M. VAYETTE, *as Executrix, et al., Respondents.*[1]

[1] HUSBAND AND WIFE (45) — COMMUNITY PROPERTY — WHAT LAW GOVERNS.  The ownership of personal property acquired by a husband and wife while domiciled in the state of Illinois and brought into and invested in this state, is governed by the law of that state, and not by the community property law of this state.

[2] SAME (60)—COMMUNITY PROPERTY—EVIDENCE AS TO CHARACTER OF PROPERTY—WEIGHT AND SUFFICIENCY.  The burden upon a divorced wife, resident in another state, to establish that her separate funds went into the husband's purchase of real property in this state, is not sustained by indefinite testimony of her sister that $1,000 of her insurance money went into a joint checking account with her husband, which was drawn upon in payment of a Washington investment; nor by alleged admissions of her husband, referring to himself and wife as "partners."

[3] EQUITY (41)—ESTOPPEL (35) — LACHES AND STALE DEMANDS — LAPSE OF TIME—FAILURE TO ASSERT TITLE.  A divorced wife's claim to an interest in her husband's lands will not be entertained where his title thereto was confirmed by a default decree of divorce, which the wife vainly sought to set aside, and she made no effort to establish her claim until after the death of her divorced husband, six years after the divorce decree was finally confirmed.

[1]Reported in 261 Pac. 647.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered October 30, 1926, upon findings in favor of the defendants, in an action for equitable relief, tried to the court. Affirmed.

*Garrecht & Twohy,* for appellant.
*Sharpstein & Smith,* for respondents.

Askren, J.—The plaintiff brought this action against the executrix of her divorced husband's estate, asking for a half interest in the estate property, and for an accounting of the rents and profits. From a judgment in favor of the defendants, plaintiff appeals.

Two questions are raised by appellant: first, was the property in question community property? and second, has appellant traced any of her own funds into the purchase of the properties?

[1] The first question is simple of answer. The appellant and the deceased were married at Dwight, Illinois, on July 5, 1900, where they both resided. He was a traveling jewelry salesman, his work taking him away from home about three months at a time, at the close of which he spent a week to ten days at home. Immediately after their marriage, they took a wedding trip to the coast, and probably passed through the state of Washington. They returned to Illinois and lived there as before, until they were divorced in 1920. They owned no home in Dwight, but occupied rooms close to appellant's parents. They discussed coming to Washington at some time to live, but never established a home nor lived here at any time, although he purchased property here and sold goods in this state. These facts demonstrate clearly and unmistakably that the home of the parties was at all times in Illinois.

Under the law of that state, during their married life there was no statute making property acquired during coverture community property. On the con-

trary, under the laws of that state, all property acquired by the decedent from the earnings of his labor was his separate property. It is the settled law of this state that personal property acquired by either spouse in a sister state where the law of the place of acquisition makes it separate property, continues to be of the same character when brought within this state.

In *Brookman v. Durkee,* 46 Wash. 578, 90 Pac. 914, 123 Am. St. 944, 13 Ann. Cas. 839, 12 L. R. A. (N. S.) 921, we announced the rule to be:

"Therefore, without entering further into the reasons for the rule, we are clear that personal property acquired by either husband or wife in a foreign jurisdiction, which is by law of the place where acquired the separate property of one or the other of the spouses, continues to be the separate property of that spouse when brought within this state; and it being the separate property of that spouse owning and bringing it here, property in this state, whether real or personal, received in exchange for it, or purchased by it if it be money, is also the separate property of such spouse."

This doctrine was reaffirmed by us in *Witherill v. Fraunfelter,* 46 Wash. 699, 91 Pac. 1086, and again in *Meyers v. Albert,* 76 Wash. 218, 135 Pac. 1003.

[2] Upon the second point, we are unable to find any substantial testimony in the record disclosing that any certain amount of appellant's funds went into any particular piece of property purchased by decedent. The nearest approach to such evidence is found in the testimony of appellant's sister who said that appellant had obtained one thousand dollars upon an insurance policy, had given it to decedent who put it into their joint checking account, and had drawn upon that account in the payment for the Walla Walla property. However, the witness neither knew the purchase price of the Walla Walla property nor had actual knowledge

of whether the insurance money was actually paid thereon. Her testimony, while clear enough upon some points, is too vague and unsatisfactory for any court to find as established the fact that appellant's funds were used in the purchase of real property in this state, or, if they were used, in what amount or in what proportion the advancements so made bear to the purchase price.

Appellant, apparently recognizing this failure of proof, claims a half interest in the properties by reason of statements alleged to have been made by decedent in which he referred to himself and appellant as "partners." It may be assumed that decedent, if he used these words, used them not with reference to their marriage relation but to their material possessions; yet, even these words fail to indicate what that partnership was, whether equal or according to some understanding had between themselves, or whether based upon moneys advanced by appellant in proportion to the purchase price of the properties, or upon a gift by him to her of some interest therein. There is no presumption that there was an equal partnership, simply because under our community property laws the spouses are presumed to own equally property acquired after coverture. The burden was upon appellant to establish her claim of right to an interest in these properties and this, we are clear, she has failed to do.     .

[3]     There is another compelling reason in this case which establishes the correctness of the judgment of the trial court. In 1920, decedent obtained a divorce in Illinois from appellant by default, and upon the ground of serious misconduct. At that time he alleged that all the property which had been acquired was either obtained through inheritance or as a result of his own labors, and prayed the court to so find, and determine it to be his, free from any claim of appel-

lant. After hearing, the court entered its decree January 6, 1920, in part as follows:

"It is further ordered, adjudged and decreed that the defendant do not have and recover of the complainant any alimony either now or hereafter; that the title to all property, whether real or personal, heretofore used and enjoyed in common between them is the sole property of the complainant and the same is and forever shall remain free from any right of dower, homestead, claim or demand of any kind or description whatsoever by the defendant."

It is true that thereafter appellant sought to set aside the decree, which action, although carried to the supreme court of the state of Illinois, and finally to the supreme court of the United States, was denied. It was six years after the divorce decree was entered that decedent died. During this time, while her divorced husband was alive and all the necessary facts could have been gone into, appellant made no effort to establish any claim in the state of Washington to the property in question. Such conduct under all the circumstances hardly bespeaks any valid belief in a right to any part of the properties in question.

The judgment is affirmed.

MACKINTOSH, C. J., MAIN, FULLERTON, and HOLCOMB, JJ., concur.