J. D. Taylor, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 9560.   Promulgated January 3, 1928.

Theodore B. Benson, Esq., for the petitioner.
Brice Toole, Esq., for the respondent.

OPINION.

Morris: In determining the questions presented by this proceeding we will address ourselves only to those years for which the respondent has determined deficiencies. As to the remaining years we are without jurisdiction. *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255.

The allegation of error found in the petition is sufficiently broad to cover the income of the petitioner from all sources. The evidence submitted related to but three sources, viz, the income received from two partnerships, the dividends received on capital stock, and the taxable interest received on Liberty bonds. The brief which was submitted by counsel for the petitioner related only to the first mentioned source of income. For the purpose of this opinion we will consider the principal question to be whether the income from such partnership interests constituted community income, or separate income, when the same was received while petitioner was residing in a community property State.

The petitioner states that the question to be decided is whether income from the partnerships in Georgia and Massachusetts, both engaged in the cotton brokerage business and in both of which the petitioner was a member, was income from services or income from property, and concludes that it was income from services rendered to his associates and himself in conducting the Arizona branch of the business, and therefore under the laws of Arizona (section 3850, Revised Statutes, 1913) community income. The contention of the respondent is that the petitioner came into Arizona possessed of certain property, that such property constituted his separate property, and that any increase, rents, issues or profits from such separate property remained his separate income. Section 3848 of the Arizona statutes.

The sections of the Revised Statutes of Arizona (1913) relied on by both parties are as follows:

## Chapter III

### Rights of Married Persons

3848. All property, both real and personal, of the husband, owned or claimed by him before marriage and that acquired afterward, by gift, devise or descent, as also the increase, rents, issues and profits of the same, shall be his separate property, and all property, both real and personal of the wife, owned or claimed by her before marriage, and that acquired afterward by gift, devise or descent, as also the increase, rents, issues and profits of the same, shall be her separate property.

3850. All property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise or descent, or earned by the wife and her minor children while she lived or may live, separate and apart from her husband, shall be deemed the common property of the husband and wife, and during the coverture personal property may be disposed of by the husband only; but husband and wife must join in all deeds and mortgages affecting real estate except unpatented mining claims, which may be conveyed by the husband or wife only, as provided by the laws of this state relating to conveyances; provided that either husband or wife may convey or mortgage separate property without the other joining in such conveyance or mortgage.

It is clear that whatever property was acquired by the petitioner while a resident of the State of Georgia was his separate property. The statutes of Arizona have but one section, as far as we can ascertain, which relates to property rights of nonresidents who move into that State. Section 3857 of the Revised Statutes of Arizona (1913) provides that, "The marital rights of persons married out of this State, who may move to this State, shall, in regard to property acquired in this State during the marriage be regulated by the laws of this State." If the income in question was derived from separate property taken into Arizona by the petitioner it was separate income as under the provisions of section 3848 of the Arizona statutes, the increase, rents, issues and profits from such property remain the separate property of the spouse owning the same. In *Brookman* v. *Durkee*, 90 Pac. 914, the court, in considering the question of property brought into the State of Washington, had this to say:

Therefore without entering into reasons for the rule we are clear that personal property acquired by either husband or wife in a foreign jurisdiction is by law of the place where acquired, the separate property of one or the other of the spouses, continues to be the separate property of that spouse when brought within this state; and it being the separate property of that spouse owning and bringing it here, property in this State, whether real or personal, received in exchange for it, or purchased by it, if it be money, is also the separate property of said spouse.

The community property theory in Arizona is in accord with the view prevailing in the State of Washington, which is that the wife's interest in the community estate is a vested legal one, the same as the interest of any other partner in partnership property. *Olive Co.* v.

*Meek*, 102 Wash. 467; 175 Pac. 33; *Marston* v. *Rue*, 92 Wash. 129; 159 Pac. 111. The leading case in Arizona on this question is *La Tourette* v. *La Tourette*, 137 Pac. 426.

The only foundation for the petitioner's conclusion that the income in question was derived from services is his statement in the brief that the nature of the business was such that capital was usually unnecessary and not a material factor in the production of income. He introduced no evidence, however, in support of the fact basis upon which his conclusion rests. The case was submitted on the pleadings and the revenue agent's report which was introduced in evidence by the petitioner. We are unable to satisfactorily analyze the character of the interests acquired by the petitioner in the two partnerships for the reason that the partnership contracts are not before us, nor was there any testimony with respect thereto. An interest in a partnership is acquired by contract, either express or implied. The terms of the partnership contracts are determinative of the kind and character of each partner's interest. This interest is acquired by a contribution to the common fund, and such contribution may be services, capital or a combination of both. If the petitioner's interests were acquired by a contribution of capital, they would be his separate property in Georgia. The record is silent as to the date he acquired his partnership interests, and how he acquired them, but it is a fact that he was a member of both partnerships and actually engaged in their business while domiciled in Georgia. We do not know how the partnerships operated the businesses, how much capital was invested therein or whether capital was an essential factor in the production of income. The revenue agent's report shows that salary was reported in the returns, and presumably it was received as manager of the Arizona corporation. If that be true, the parties themselves have placed a value upon the services rendered by the petitioner in Arizona, and the respondent has allowed the amount thereof as community income.

The petitioner contends that if it be admitted that he had substantial investments in the partnerships of Georgia and Massachusetts, the income from such partnerships in excess of interest on his investment would still be community income, and relies in support thereof on the California case of *Peireira* v. *Peireira*, 103 Pac. 488. We have examined that case and also its companion cases of the *Estate of Gold*, 151 Pac. 12, and *McDuff* v. *McDuff*, 191 Pac. 957, but are of the opinion that they are not controlling of a community property status existing under the Arizona statutes and their interpretation by the courts of that State. Section 3848 of the Revised Statutes of Arizona (1913) specifically provides that the increase, rents, issues and profits of separate property shall be separate property.

It is therefore our opinion that the evidence introduced is not sufficient to overcome the presumption of the correctness of the respondent's determination with respect to the income from the petitioner's partnership interests. It also follows from the foregoing opinion that the dividends on the stocks and interest on the Liberty bonds are the petitioner's separate property.

*Judgment will be entered for the respondent.*

Considered by TRAMMELL, MURDOCK, and SIEFKIN.