[Civil No. 2844. Filed January 27, 1930.]

[284 Pac. 158.]

MABEL GRACE STEPHEN and ARTHUR J. SMITH, as Trustee, Appellants, v. EDWARD FREER STEPHEN, GEORGE WILLIAM LYON STURROCK, MARY HENDERSON STEPHEN and RONALD WILLIAM STEPHEN, as Executors and Trustees Under the Last Will and Testament of FREDERICK SOMERVILLE STEPHEN, Deceased, Appellees.

Messrs. Moore, Elliott & Shimmel, for Appellants.

Messrs. Ellinwood & Ross, for Appellees.

LOCKWOOD, C. J.—Edward Freer Stephen, George William Lyon Sturrock, Mary Henderson Stephen, and Ronald William Stephen, hereinafter called appellees, brought suit in the superior court of

Maricopa county as executors and trustees under the last will and testament of Frederick Somerville Stephen, against Mabel Grace Stephen and Arthur J. Smith, as trustee, hereinafter called appellants, under chapter 10, Session Laws of 1927, commonly called the Declaratory Judgment Act, for the purpose of establishing whether or not certain property in the state of Arizona was at the time of the death of Frederick Somerville Stephen his separate property or community property of himself and Mabel Grace Stephen, his wife.

The facts in the case are not disputed. From them it appears that decedent and his wife at all times during the existence of the marriage relation were domiciled in and legal residents of Great Britain, and subject to the laws of Scotland. During such marriage relationship decedent visited Arizona on numerous occasions, being accompanied by his wife on two of such visits, but they were temporary sojourns only, and made without the intention of remaining in Arizona permanently. As a result of such visits, decedent purchased certain property in Arizona, with funds not acquired originally in that state, and which, under the laws of the matrimonial domicile, were his separate property, his wife having no vested interest whatever therein which would under such laws descend to her heirs in the event of her death during his lifetime. Decedent died testate, and by his will appellees were appointed executors and trustees under the terms thereof. The will was first probated in Scotland, and ancillary probate was made in Maricopa county. At the time all of the parties apparently assumed the Arizona property belonged to the community, and it was transferred by appellees and Mabel Grace Stephen to Arthur J. Smith in trust, according to the terms of which trust such property was treated as community property in which the said Mabel Grace Stephen had a one-half interest. Some

doubt as to the law applicable having since arisen in the minds of all the parties, this suit was brought for the purpose of determining their respective rights and duties in relation to such property.

The question involved may be stated as follows: When property is acquired during coverture which, under the law of the marital domicile and the place of its acquisition, is the separate property of one spouse, does removal of the property to a state where the community property law is in force cause such property, either in its original shape or in any into which it may have been changed, to become community property?

The matter is one of first impression in Arizona, but we are not without light for our guidance. We have held in the case of *Cosper* v. *Valley Bank*, 28 Ariz. 373, 237 Pac. 175, after discussing and comparing the community property laws of the various states which adhere to that system, that our law is more analogous to that of the state of Washington than to that of any other. While the phraseology of the statutes of that state differs somewhat from that of ours, yet the substance in most cases, and particularly in those sections which describe what shall be community and what shall be separate property, is practically the same. The precise question which we have before us has arisen several times in Washington. In the case of *Brookman* v. *Durkee*, 46 Wash. 578, 123 Am. St. Rep. 944, 13 Ann. Cas. 839, 12 L. R. A. (N. S.) 921, 90 Pac. 914, 915, that court held, in referring to the contention that the statute made no distinction between property acquired within the state and that acquired without and brought into the state during coverture:

"But while the statute, broadly construed, gives countenance to the contention of the respondents, we cannot think it was the intention of the Legislature that no distinction should be made between property

acquired wholly within this state by the joint efforts of husband and wife and property acquired by them elsewhere and brought within this state. If it were the intent of the statute that property acquired in another jurisdiction and brought within the state should become community property, its legality might be seriously questioned. It would destroy vested rights. It would take from one of the spouses property over which he or she had sole and absolute dominion and' ownership, and vest an interest therein in the other; and, if the spouse should be the wife, it would not only ,take away her absolute title, but would take away from her her right to control and manage the property, and make it subject to the separate debts of the husband, whether or not she derived any benefit from their contracting, or had any legal or moral obligation to pay them. Therefore, without entering further into the reasons for the rule, we are clear that personal property acquired by either husband or wife in a foreign jurisdiction, which is by law of the place where acquired the separate property of one or the other of the spouses, continues to be the separate property of that spouse, when brought within this state; and, it being the separate property of that spouse owning and bringing it here, property in this state, whether real or personal, received in exchange for it, or purchased by it, if it be money, is also the separate property of such spouse.''

This case has been followed and affirmed in the cases of *Witherill* v. *Fraunfelter,* 46 Wash. 699, 91 Pac. 1086; *Meyers* v. *Albert,* 76 Wash. 218, 135 Pac. 1003; *Myers* v. *Vayette,* 146 Wash. 1, 261 Pac. 647. The same doctrine is affirmed by the states of California, New Mexico, Louisiana and Texas. *In re Burrows' Estate,* 136 Cal. 113, 68 Pac. 488; *Strong* v. *Eakin,* 11 N. M. 107, 66 Pac. 539; *Oliver* v. *Robertson,* 41 Tex. 422; *Tanner* v. *Robert,* 5 Mart. (N. S.) (La.) 255. Indeed, with the exception of a few early Louisiana cases which, perhaps inferentially, lean in the other direction, we find no exceptions to the rule, and in our opinion, not only on authority but

on reason, it is correct. When parties acquire property, it is to be presumed they do it in view of the law as it exists at the time and place, and its character as community or separate estate is determined with its first acquisition. *Pendleton* v. *Brown*, 25 Ariz. 604, 221 Pac. 213; *Horton* v. *Horton*, 35 Ariz. 378, 278 Pac. 370. Nor does changing its character from personalty to realty, and *vice versa*, affect the situation. *In re Niccolls' Estate*, 164 Cal. 368, 129 Pac. 278.

The judgment of the superior court of Maricopa county is affirmed.

McALISTER and ROSS, JJ., concur.