## NOBLE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 2761.

Circuit Court of Appeals, Tenth Circuit.
Oct. 22, 1943.

Kenneth H. Lott, of Okmulgee, Okl., for petitioner.

Helen R. Carloss, Sp. Asst. to Atty. Gen.. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and William A. Clineburg,. Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is a petition to review an order of the Tax Court of the United States.

E. T. Noble, hereinafter called the taxpayer, died testate April 10, 1940. Coral L. Noble is the executrix of his estate. The taxpayer and Coral L. Noble were married prior to 1907 and thereafter lived together as husband and wife at Okmulgee, Oklahoma, until the former's death.

A. D. Cochran and the taxpayer, from 1926 until the latter's death, were engaged in the practice of law as partners at Okmulgee, Oklahoma. Prior to 1930, the taxpayer had been vice president and the active executive officer of the McCulloch Oil Company, a large independent oil company. He had had much experience in the oil industry and in the development of oil and gas properties and Cochran highly regarded the taxpayer's ability in that field of endeavor.

In 1930, Cochran acquired for himself and the taxpayer interests in an undeveloped oil and gas lease in the state of Texas, known as the Muckelroy Lease. The taxpayer did not have funds available with which to purchase his interest in the lease and Cochran advanced to the taxpayer the latter's share of the purchase money. Cochran was willing to make the advance because he desired the benefit of the taxpayer's experience and ability in developing oil and gas leases. Cochran testified that he "advanced the money for Noble's account and of course it amounted to a loan."

Cochran also advanced the development costs chargeable to the interests of himself

and the taxpayer in the lease. Other leases in Texas were purchased by Cochran and the taxpayer, and Cochran in the same manner advanced the taxpayer's share of the purchase price and development costs. All the advances made by Cochran were eventually liquidated out of production accruing to the taxpayer's interest in the several leases.

The taxpayer and Coral L. Noble filed separate income tax returns with the Collector of Internal Revenue for the District of Oklahoma for the calendar years 1936 and 1937. In his returns the taxpayer reported the entire net income received from the oil leases. The Commissioner determined deficiencies to be due from the taxpayer for 1936 and 1937 and the correctness of his adjustments to the net income reported for each of those years is not in issue in this proceeding. As an offset against the deficiencies determined, the taxpayer asserted that Coral L. Noble was entitled to include in her income tax returns one-half of the net income from the Texas leases reported by him and that he was not taxable thereon.

The taxpayer's contention is predicated upon the proposition that the leases were community property.[1] The Tax Court held to the contrary and approved the Commissioner's determination of deficiencies.

■ The loans or advances made by Cochran to the taxpayer and the proceeds which arose therefrom were personal property. The mutual rights of the husband and wife in each other's movable property are determined by the law of the matrimonial domicile, so long as that remains unchanged.[2]

The loans or advances and the proceeds arising therefrom were not personal property acquired jointly by the taxpayer and Coral L. Noble during their marriage within the meaning of 12 O.S.A. § 1278.[3]

■ In Oklahoma separate property is property acquired by either spouse as a result of his or her separate earnings, skill, industry, or labor.[4]

■ Hence, we conclude that the loans or advances made by Cochran to the taxpayer and the proceeds thereof, with which the leases were purchased, were the separate property of the taxpayer.

■■ The general rule in the community property states that marital rights in lands, regardless of the residence of the husband and wife, are regulated by the law of the situs, is subject to the qualification that where property is acquired in a community property state, through purchase by funds which were the separate property of one of the spouses, or in exchange for separate property of one of the spouses, the character of the funds or of the property given in exchange is transmitted to the property acquired. Separate property remains separate through all its mutations and changes so long as it can be clearly and indisputably traced and identified.[5]

Counsel for the executrix asserts that the leases were purchased on credit and hence, under the law of Texas, became

---

[1] Upon the basis of that contention the Commissioner determined deficiencies in income taxes for 1936 and 1937 against Coral L. Noble arising entirely from the inclusion in her net income for the taxable years of one-half of the net income from the leases. The parties have stipulated that if the taxpayer was taxable upon the entire net income from the leases for 1936 and 1937, the deficiencies determined against Coral L. Noble shall be expunged.

[2] Harral v. Harral, 39 N.J.Eq. 279, 289, 290, 51 Am.Rep. 17; Fuss v. Fuss, 24 Wis. 256, 263, 264, 1 Am.Rep. 180; State v. Koontz, 124 Kan. 216, 257 P. 944, 55 A.L.R. 555; Birmingham Water Works Co. v. Hume, 121 Ala. 168, 25 So. 806, 807, 77 Am.St.Rep. 43; In re Majot's Estate, 199 N.Y. 29, 92 N.E. 402, 403, 29 L.R.A.,N.S., 780; Long v. Hess, 154 Ill. 482, 40 N.E. 335, 338, 27 L.R.A. 791, 45 Am.St.Rep. 143; Lee v. Belknap, 163 Ky. 418, 173 S.W. 1129, 1135; Castro v. Illies, 22 Tex. 479, 498, 73 Am.Dec. 277. See, also, Brookman v. Durkee, 46 Wash. 578, 90 P. 914, 915, 12 L.R.A.,N.S., 921, 123 Am.St.Rep. 944, 13 Ann.Cas. 839; Blethen v. Bonner, 30 Tex.Civ.App. 585, 71 S.W. 290.

[3] Thompson v. Thompson, 70 Okl. 207, 173 P. 1037, 1038; Tobin v. Tobin, 89 Okl. 12, 213 P. 884, 888; Howell v. Howell, 42 Okl. 286, 141 P. 412, 414.

[4] Joiner v. Joiner, 131 Tex. 27, 112 S. W.2d 1049, 1051.

[5] Hammonds v. Commissioner, 10 Cir., 106 F.2d 420, 424; Thayer v. Clarke, Tex.Civ.App., 77 S.W. 1050, 1052; In re Arms' Estate, 186 Cal. 554, 199 P. 1053, 1056; Brookman v. Durkee, 46 Wash. 578, 90 P. 914, 915, 12 L.R.A.,N.S., 921, 123 Am.St.Rep. 944, 13 Ann.Cas. 839; Mayor v. Breeding, Tex.Civ.App., 24 S. W.2d 542, 545; McKay on Community Property, 2d Ed., p. 431, § 639; 31 C.J. pp. 14, 15, §§ 1077, 1079.

community property of the taxpayer and Coral L. Noble. This contention is based upon a faulty factual foundation. Cash was paid for the leases. The credit was extended, not by the transferor of the leases, but by Cochran to the taxpayer. That credit was personal property and its character is governed by the law of Oklahoma, and not by the law of Texas.

■ We conclude that the leases were the separate property of the taxpayer and that the income derived therefrom was properly assessable to him.

The judgment is affirmed.