OPINION. TURNER, Judge: Our first question is whether the income of petitioner and Leo, particularly the fees received by Leo for his services in managing the three Texas newspapers, was properly reported on a community basis. It is fairly well settled, we think, that the ownership of income received from personal services is determined by the laws of the domicile of the earner of such income at the time the income is earned. Herbert Marshall, 41 B. T. A. 1064; Nathamel Shilkret, 46 B. T. A. 1163, affd. 138 F. 2d 925; Benjamin H. McElhinney, Jr., 17 T. C. 7; and Marjorie Hunt, 22 T. C. 228. And we do not understand that either party contends otherwise, it being the claim of the petitioner that neither she and Leo, nor she or Leo, were ever domiciled in the State of Texas, or any other community property State and there was and. could be no community property and therefore no community income by reason of Leo’s sojourn or residence in Texas. Giving 'due regard to the legal distinction between residence and domicile, we are satisfied, on the record before us, that no later than early 1942 Leo became domiciled in Texas and that Texas continued to be his domicile for and during all of the years material herein. See and compare Nathaniel Shilkret, supra; Herbert Marshall, supra; Pietro Crespi, 44 B. T. A. 670; Samuel B. Weissy 30 B. T. A. 478; and L. B. Peeples, 27 B. T. A. 879. It would thus appear as to Leo, under Texas law, his earnings during the period of such domicile constituted community property, one-half belonging to him and one-half belonging to petitioner; that he and petitioner correctly and properly reported such income on a community property basis, and that the respondent did not err in not determining otherwise.. If we understand the petitioner aright, it is her further contention, however, that even though it is held that Leo did establish his domicile in Texas and was so domiciled in the taxable years herein, her domicile, in circumstances here and contrary to the general rule, did not follow that of Leo; that she was never domiciled in Texas, never was in Texas until she appeared there for the purposes of trial in the divorce proceeding in 1947, and as a consequence Leo’s earnings were not community property, one-half of which was taxable to her. . The ownership of the earnings of a husband under California law, where the controlling facts were substantially the same as in this case, was tried and decided in Commissioner v. Cavanagh, 125 F. 2d 366, affirming 42 B. T. A. 1037. In that case it was held that the income of the husband, who was domiciled in California, was community income, one-half of which belonged to his wife, even though the wife was a resident of Canada, had never been asked by the husband to come to California and live with him, nor had she ever indicated a willingness to do so, and not only that, but had never been in California. See also in that connection Marjorie Hwnt, supra, where during the taxable year, a decree of separate maintenance having been entered in the Superior Court of California in the year preceding, the wife moved from California and established her domicile in the State of Iowa. It was there pointéd out that the ownership of and in the earnings of the husband was controlled and determined by California law and continued until death or a final decree of divorce terminated the marriage, and regardless of the fact that the wife, the taxpayer in that proceeding, had established her domicile in Iowa, a non-community property State, one-half of the husband’s earnings was her income and she was taxable thereon. Although we have found no Case exactly on the point, we do not understand the law of Texas to be otherwise. Furthermore, it would appear that this specific point and as between petitioner and Leo has already been litigated and judicially determined by the Texas court in the divorce proceeding. In the judgment and decree therein, the court, after determining the items of separate property, found that there was a substantial amount of community property and made a division thereof. Certain properties found to be community property were allotted to petitioner in kind, the others being allotted to Leo, but in making the division in kind the court found, adjudged, and decreed that with respect to the community property which had been allotted to Leo in kind and for the “community charges against the separate property of Leo,” the petitioner should have and recover of Leo the sum of $100,000. And as more fully set forth in our Findings of Fact, the court announced the terms of the settlement in the presence of both the petitioner and Leo and their counsel, all of whom announced to the court that the judgment and decree were in all things satisfactory to each of them, that they would abide thereby, that the judgment should become final, with no right on the part of either party to file a motion for a new trial, or to prosecute any character of appeal therefrom. In the face of that determination by the duly constituted court of the State of Texas having jurisdiction of both parties and the property therein, we regard that decision as controlling and binding upon this Court. Blair v. Commissioner, 300 U. S. 5. On the record as a whole, it is reasonable to conclude that the community property so found and divided by the court between petitioner and Leo included the very income in issue herein, and certain it is that the petitioner has offered no proof to show otherwise. On the community income issue the respondent is sustained. It is our opinion also that the decree of the Texas court likewise disposes of the question relating to the taxability of the income of the two trusts. As to each trust, the court held that the income was distributable solely in the discretion of the trustees. The respondent concedes that under Blair v. Commissioner, supra, the judgment and decree of the Texas court is binding in this proceeding as to the validity of the trusts. In reaching its conclusions with respect to- the trusts the court found it necessary to consider and resolve the rights, obligations, and duties of all persons affected thereunder, and in determining the rights of the parties it was essential and necessary to reach a conclusion as to the distributability and ownership of the income. It did so. We accordingly conclude and hold that since the income of both trusts was distributable to the beneficiary or beneficiaries thereunder solely in the discretion of the trustees, section 162(c) of the Internal Revenue Code of 1939 is applicable, and petitioner and Leo for the years herein were taxable only on the trust income which was distributed. Blair v. Commissioner, supra. Decision will be entered umder Bule 50.