## Buckman v. Buckman.

(Decided May 18, 1926.)

## Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Husband and Wife—Real Property in Wife's Name May Not be Restored to Husband Until After Judgment for Divorce a Vinculo (Civil Code of Practice, Section 425; Kentucky Statutes, Section 2121).—Restoration of real property to husband by wife, in whom title was taken, may not be adjudged under Civil Code of Practice, section 425, and Kentucky Statutes, section 2121, until judgment for divorce a vinculo is rendered.

2. Husband and Wife—Monthly Allowance to Wife as Alimony Held Properly Refused, in View of Her Income from Realty, and Possession of Bonds, Purchased with his Savings, and his Ownership of Little Property and Lack of Employment.—Where wife had title to realty, purchased with husband's savings, from which she received $67.00 per month, and possession of $4,000.00 in bonds so purchased, and husband owned no property of consequence, except $3,800.00 adjudged to him by chancellor, and was and for some time had been out of employment, chancellor properly refused monthly allowance to wife as alimony.

3. Divorce—Chancellor's Refusal to Adjudge Husband Entitled to all Bonds in Wife's Possession Before Either Sought Absolute Divorce Held Not Error, where he Abandoned Her Without Cause, and was in Prime of Life and Possessed of More than Average Earning Capacity.—Where husband abandoned wife without cause, and was in prime of life and possessed of more than average earning capacity, chancellor's refusal, in husband's suit against wife before either sought absolute divorce, to award him bonds purchased with his savings and adjudged to be in her possession, held not error notwithstanding property which she was permitted to retain was worth double what she was required to retain.

DOOLAN & DOOLAN for appellant.

J. S. LUSCHER for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

By the pleadings herein, petition to surrejoinder, inclusive, appellee, plaintiff below, sought to recover from his wife, appellant, defendant below, certain bonds of the value of $8,000.00, and she sought to recover from him alimony upon the ground that he had abandoned her and failed to support her.

It appears from the record that they lived together approximately 25 years after their marriage. He is

now 45 years of age and she is 43. They have two living children, both of whom are over 21 years of age, the son being self-supporting, and the daughter being married. For the three years next before the separation appellee earned a salary of $5,000.00 per year, and for several years prior thereto $3,600.00 per year. Out of his earnings they had saved $12,000.00. With his knowledge and at his instance $4,000.00 of this sum had been invested in real estate, the title being taken in her. When the proof was taken that real estate was renting for $67.00 per month. The other $8,000.00 was invested in Kentucky Title Savings Bank & Trust Company real estate mortgage bonds. They were kept in a joint safety box in the vaults of the trust company. She took them and placed them in another box rented by her to which she alone held keys. During the pendency of the action four of the bonds matured and were cashed by her. Something over $3,800.00 of their proceeds was paid into court, she having spent the other. While the evidence seems to establish that the appellant obtained possession of the other $4,000.00 in bonds, they were not produced in court or accounted for. At the time the proof was taken appellee was out of employment and was earning nothing.

Appellee's effort herein to have adjudged to himself restoration of the real estate, title of which was taken in appellant, under the provisions of sections 425, Civil Code, and 2121, Kentucky Statutes, was properly refused. Restoration of property, in the states of cases authorized, may not in any event be adjudged until a judgment for divorce a vinculo is rendered. By this action neither party sought an absolute divorce and of course none was granted. See LaWarre v. LaWarre, 208 Ky. 566.

Appellant complains because the chancellor did not adjudge her a monthly allowance of at least $150.00 as alimony. She appears to have title to real estate purchased with the savings from appellee's earnings from which she receives $67.00 per month. She also appears to have possession of $4,000.00 in bonds likewise so purchased which were left in her possession by the judgment rendered herein. Aside from the $3,800.00 paid into court by appellant, which the chancellor adjudged to appellee, he appears to own no other property of consequence, and at the time the judgment was rendered and for some time prior had been out of employment. Under

these facts this court concludes that the chancellor properly refused a monthly allowance as alimony.

Appellee, on the cross-appeal, complains that the chancellor erroneously refused to adjudge that he was entitled to the $4,000.00 in bonds adjudged to be in the possession of appellant. The evidence on the subject in the record is scanty, but it satisfactorily establishes that appellee abandoned his wife without cause. Two of his letters established that fact beyond question. The responsibilities of the marriage relation may not be thus easily set aside. The judgment herein seems to assure that for the time appellee's obligation to support his wife will be met. Appellee is now in the prime of life. Through his knowledge of mechanical engineering he is possessed of a capacity to earn money above the average. While without analysis it would seem that since she has the title of the real estate worth $4,000.00 and $4,000.00 in bonds, and he is left with only the $4,000.00 returned to him by the judgment herein, he has been harshly dealt with, when all of the circumstances surrounding the parties are considered we reach the conclusion that the chancellor's judgment is sound and should not be disturbed. Appellee is obligated to support appellant. An adjudication as to the right of either to have restored property acquired by the other by virtue and in consideration of marriage relation can not be had until a decree divorcing them *a vinculo* is entered. If either prosecutes to judgment an action for divorce and it is therein sought to adjudicate between the parties as to their property rights the question of alimony may be reconsidered and all the questions then determined in the light of the facts then appearing.

Judgment affirmed.