(No. 18978.—

MARGARET DICKS MOORE, Appellee, *vs.* FREDERICK D. MOORE, Appellant.

*Opinion filed June 19, 1929—Rehearing denied October 2, 1929.*

J. M. CAMELON, for appellant.

ESTELLE M. WELLS, for appellee.

Mr. COMMISSIONER PARTLOW reported this opinion:

Appellee, Margaret Dicks Moore, filed her bill for separate maintenance in the circuit court of Cook county against appellant, Frederick D. Moore. Paul Zoch was made a party defendant on the ground that he, as trustee, held title to certain real estate conveyed to him by the parties, and appellee alleged that she should be decreed to be the owner thereof in lieu of permanent alimony and in settlement of

her property rights. The evidence was heard by the chancellor, whereupon appellee amended her bill praying for a divorce on the ground of cruelty. A decree was entered as prayed, Zoch was ordered to convey the property to appellee, and an appeal has been prosecuted by Frederick D. Moore.

The only error urged is that the decree is not sustained by the evidence. The evidence shows that the parties were married March 28, 1918, and separated April 6, 1925. It was the third marriage for appellee, who had no children, and the second for appellant, who had three adult sons. Appellant was a painter and prior to this marriage lived at 2509 Clybourn avenue, in Chicago, hereafter referred to as 2509. The title to this property had been in his first wife, who died in 1916. During the time the parties lived together, and until October, 1926, appellant collected the rents from this property, which amounted to about $81 per month. At the time of the marriage appellee lived at 2419 Clybourn avenue, hereafter referred to as 2419. The title to this property was in appellee, subject to a mortgage which she claims was for $1500 and which appellant claims was for $2000. There was a frame building on the premises, containing a store, with rear rooms on the ground floor and two four-room flats on the second floor. After the marriage the parties lived in the rear flat. The building was out of repair and was not bringing in very much rent. Immediately after the marriage a new front was put in the store, the property was repaired and the rent was considerably increased. There is a conflict in the evidence as to who was responsible for making these repairs. Appellee testified that she made and paid for them out of the rents and the money she earned by her labor. Appellant contends that he supervised the repairs and did a part of the work himself. On July 22, 1920, the parties for $4200 purchased the premises at 2417 Clybourn avenue, hereafter referred to as 2417. Of this amount $1500 was paid in cash

and the balance was to be paid in monthly installments of $75 each. Of the $1500 there was borrowed from one Rank $1000, who was a relative by marriage of appellee. Appellee contends that the other $500 was raised by a mortgage on 2419. Appellant claims that the rents from 2419, his income from 2509, and his wages, together with some money he inherited from his mother, were deposited in a common fund and the $500 was paid out of this fund; that in April, 1921, they paid Rank his $1000, and the money was raised by a $500 loan on 2419 and appellant borrowed $500 from two of his friends. This is denied by appellee, who claims that she collected the rents from 2419, which amounted to $100 per month, and from 2417, which amounted to $134 per month, and when she sold 2419 a part of the money was used to pay the balance due on 2417. Regardless of how the money was raised, 2417 was conveyed to the parties as joint tenants on January 11, 1923.

The parties lived at 2419 for about two years after they were married. They then moved to 2417, where they lived for about one year. In 1921 appellee was employed by her niece, Mrs. Agnes Rank, who lived in Evanston. The Ranks were running a bakery, and they offered appellee $15 a week and board and room for herself and husband if she would move to Evanston and keep house for them. Appellee and her husband moved to Evanston, where they lived for one year. It is claimed by appellee that during that year she collected $15 per week as her wages but appellant did very little work; that he drove an automobile, for which she furnished the gas. He rode around with various women and spent part of his time gambling in Chicago. At the end of the year the parties moved back to the premises in question, where they lived until just prior to the separation, when they moved to a house on Leavitt street. On January 6, 1925, 2419 was sold for $6000 and the proceeds were paid to appellee.

The parties separated on April 6, 1925, and on April 23, 1926, they met at the Fullerton State Bank and 2417 was conveyed to Zoch. There is a conflict in the evidence as to the terms under which this property was conveyed. In appellant's answer to the bill for divorce he alleged that on April 23, 1926, at appellee's request he purchased her interest in 2417 for $4000 in cash and the property was conveyed to Zoch as trustee for the use of appellant, free and clear of all right and title of appellee; that possession was delivered to appellant, who collected the rents until a receiver was appointed, and after the discharge of the receiver he again collected the rents and still continues so to do; that he placed a mortgage on the property for $3500, and this amount, together with $400, was paid to appellee in settlement of all her claims. He also alleged that he paid the principal part of the original purchase price of $4200. In his answer to the amended bill for separate maintenance he alleged that it was agreed that appellant should pay appellee $4000 in full of his liability for the support of appellee and for all of her right and title in the property, and that she should retain as her own property the balance of about $500 due on a certain note of $1000 executed by Emil Dicks for money borrowed by Dicks from the parties; that in consideration of this transaction, and with the intent and purpose of relinquishing her right of dower and all of her rights as a wife, appellee conveyed said property to Zoch, and in so doing she was acting under the advice of her attorney, who was present. Appellee claims that 2417 was originally purchased with her money collected as rents and derived from her labor and the sale of her property; that on April 23, 1926, appellant and his attorney induced her to sign what she supposed was a deed to appellant; that she later discovered that it was a deed to Zoch; that the property equitably belonged to her; that appellant contributed no money to its purchase, and he had appropriated part of the rent to his own use both before

and since the deed to Zoch; that the conveyance to Zoch was a mere ruse on the part of appellant to get the title in Zoch so that appellant could file a bill for divorce and then have the property conveyed to him free of any claim of appellee as owner or for alimony. Zoch in his answer alleged that at the request of both parties he took title and was instructed by both parties to hold the title until the mortgage was paid, when he was to convey the title to appellant. On the trial Zoch testified he did not know that the deed had been made to him until he was told by his attorneys a few months prior to November 7, 1927; that he did not know that he had ever seen the deed conveying the title to him; that he never paid any money to appellee and did not know her on April 23, 1926, the date the deed was signed; that he held the title in trust and had no interest in the property; that he was employed by the Fullerton State Bank and was given title without knowing of that fact.

Appellee and her witnesses testified to various acts of cruelty as charged in the bill. She is supported in her testimony by these witnesses. Appellant denies each specific act of cruelty and charges his wife with intoxication. He is supported in his evidence by other witnesses. No good purpose would be served in considering these acts of cruelty and these charges of intoxication in detail. The evidence sustains the charge of cruelty, and the decree cannot be reversed on the ground that the evidence does not sustain such charge.

The primary contention is with reference to the title to the property and whether there was a property settlement after the separation. Appellee contends that 2417 was purchased and paid for by her out of the rents and profits of 2419 and wages she earned by doing washing and housework. She testified that during the time she lived with appellant she worked and earned money; that he did very little work and contributed practically nothing to her maintenance and support; that during the year they lived in

Evanston she supported him entirely; that he did not work but had an automobile in which he drove about, and he spent considerable time gambling with relatives in Chicago. Appellant contends that his wife did not work during the time they lived together except when she kept house for her niece, Mrs. Rank, at Evanston, and that she was not paid for that service. He claims that he worked at his trade and earned money, which, with the rent of the property at 2509 and money which he inherited from his mother, was deposited in a common fund and was used to pay for the property at 2417; that when his wife conveyed the property at 2417 to Zoch appellant put a mortgage of $3500 on the property and paid her in addition $400 of his own money, and this was in settlement of all claims due to his wife and was, in fact, a property settlement.

It is impossible to reconcile the evidence on any reasonable theory. The determination of the questions depends upon the weight and credit to be given to the various witnesses who testified in the case. This evidence was heard by the chancellor in open court, and he was in a better position to determine the weight to be given to the testimony of the various witnesses than we are. This court will not disturb his finding unless it is manifestly contrary to the weight of the evidence. (*Delaney* v. *Delaney,* 175 Ill. 187; *Burgett* v. *Osborne,* 172 id. 227.) If the evidence offered by appellee is to be believed, the decree with reference to the property rights of the parties is clearly correct. At the time of the marriage appellee owned 2419, which was sold a few years later for $6000 and from which she had received $100 per month in rent. The property was mortgaged for at least $1500. There is evidence sustaining her contention that during the following years she washed and did housework. Appellant at the time he was married had less than $1000 and collected rents of $81 per month until October, 1926. He may have worked at intervals, but it is apparent that he was not a steady worker. In fact,

he claims that on account of defective eyesight and injuries he had received in a fall he was prevented from working. There is no evidence that he worked during 1921, while they lived in Evanston. While the title to 2417 was in joint tenancy, we think the evidence shows that it was acquired through the credit and by the efforts of appellee rather than through the credit and by the efforts of appellant. She was the owner of at least one-half of it, subject to an incumbrance, and by the decree she acquired the other half, subject to an incumbrance. The decree found that since the separation appellant had relinquished his right to collect rent from 2509 and had conveyed his interest in the premises; that the payments of $75 on the mortgage of $1500 on 2417 were in arrears and had been permitted to accumulate although appellant had collected the rents part of the time. After the bill was filed appellant was ordered to pay $75 per month alimony. He never voluntarily made any payment in obedience to this order. The record shows that twenty-three orders were entered against him in one year because of his failure to pay, and he was ordered committed to jail on at least one occasion. The chancellor from this record determined that it was impossible to compel him to pay a monthly allowance of alimony and therefore decreed a conveyance of the property at 2417.

From a consideration of all of the evidence we cannot say that the decree is manifestly contrary to the evidence, and it will be affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Decree affirmed.*