(No. 20566.—

AGNES SHEKERJIAN, Defendant in Error, *vs.* PAUL SHEK-ERJIAN, Plaintiff in Error.

*Opinion filed October 23, 1931—Rehearing denied Dec. 2, 1931.*

LOUIS P. PIQUETT, (J. KENTNER ELLIOTT, of counsel,) for plaintiff in error.

COBURN, KEARNEY & COBURN, for defendant in error.

Mr. Justice Orr delivered the opinion of the court:

By decree of the circuit court of Cook county the parties to this action were divorced in 1930 after a married life of twenty years. The decree sustained a finding of fact by a jury that the husband had been guilty of extreme and repeated cruelty toward his wife. The wife was awarded the custody and education of a minor child, the house furniture, $2633.33 in cash and $1500 solicitor's fees. The decree also directed the husband, or, upon his failure, the master in chancery, to convey certain real estate to the wife upon terms prescribed, in lieu of alimony. The case comes before us for review on writ of error, a freehold being involved.

From the errors assigned only three questions are presented for our consideration, the first being whether the evidence warranted the finding that defendant was guilty of extreme and repeated cruelty toward his wife. We have reviewed the record, which is replete with conflicting and oft-times irrelevant evidence, and find no reason which would justify us in disturbing the findings of fact by the jury. The chancellor was satisfied to accept these findings and make them the basis of the divorce decree. Under these circumstances, where the jury and chancellor have heard and considered conflicting testimony, the resultant findings and decree will not be disturbed on review unless manifestly against the weight of the evidence. *Moore* v. *Moore,* 335 Ill. 517.

It is further claimed that error was committed in the giving of a certain instruction which contained the word "cruelty" without including the defining words "extreme and repeated," as used in the statute. This objection is overcome by the giving of another instruction (No. 5) which accurately defined extreme and repeated cruelty. Inaccuracy in one instruction will not warrant a reversal where the law is correctly stated in another instruction and where the evidence is of such a character as to negative any inference

of harm resulting from the faulty instruction. *City of Gibson* v. *Murray*, 216 Ill. 589.

It is finally argued that the court erred in decreeing that the husband should convey to his wife a building owned by him and occupied by the couple and their children for many years. This conveyance was directed to be made in lieu of alimony for the support of the wife and her minor child. By the prayer of her bill the complainant had fully described the building owned by her husband in fee simple, free of all encumbrances, and had asked the court to decree such portion thereof or such sums of money as might be deemed necessary and proper for the maintenance of herself and child. The building in question was valued at $10,500. At the hearing it was conceded that early in 1927, when litigation began between the parties, the husband had $33,400 on deposit in a Chicago bank in his own name. The proof showed that he had a large weekly income from his business of shoe shining, cleaning and pressing. The defendant said that the $33,400 in the bank did not all belong to him—that $25,000 belonged to his sister, and that he had sent this money to her when he began having trouble with his wife. He testified that he had sent this money by the American Express Company but failed to produce any receipt showing such a transaction. Later the defendant said that the money belonged to his niece, although he always called her "sister." His story also varied greatly respecting a loan of $15,000 to his brother, for which he had no note or other instrument to offer as evidence. From the contradictory testimony concerning the acquisition and disposal of this money the court was warranted in believing that the defendant was trying to cover up his property in order to defeat the collection of alimony against him. The conduct of the parties may very properly be taken into consideration upon the question of alimony. (*Stewartson* v. *Stewartson*, 15 Ill. 146.) The record further shows that

when the couple first moved to Chicago the wife not only kept house but also assisted her husband in his business by cleaning hats and pressing clothes at their home. He owned no property at the time of their marriage, and her industry, frugality and sacrifices in their early married life aided him in acquiring their home. She also had homestead and dower rights in the flat-building occupied by the couple as their home and awarded to her by the chancellor. These special circumstances justified the trial court in vesting the fee of the husband's real estate in the wife. Ordinarily a decree for alimony should not vest the fee of the husband's real estate in the wife unless special circumstances exist justifying such a decree. (*Shaw* v. *Shaw*, 114 Ill. 586; *Walz* v. *Walz*, 325 id. 553.) The right and power of a court of equity to assign as alimony to the wife a part or all of the real estate of the husband in fee has been frequently declared by this court. (*Engler* v. *Engler*, 313 Ill. 527; *Meighen* v. *Meighen*, 307 id. 306.) This power is properly exercised wherever special circumstances exist justifying such a decree. (*Bergen* v. *Bergen*, 22 Ill. 187; *Armstrong* v. *Armstrong*, 35 id. 109; *Champion* v. *Myers*, 207 id. 308.) The proof here showed that the defendant at the beginning of his marital troubles had total assets in his name of over $43,000. The decree entered by the chancellor gave to the wife real and personal property aggregating about one-third of that amount. She was entitled to a home for herself and child, and under the special circumstances shown by the proof the chancellor properly included the real estate as part of her award, in lieu of other alimony payments.

Finding no reversible error the decree of the circuit court is affirmed.

*Decree affirmed.*