(No. 30292.
MARY CHMIEL, Appellee, *vs.* SEBASTIAN CHMIEL, *et al.*— (SEBASTIAN CHMIEL, Appellant.)

*Opinion filed January 22, 1948.*

DANKOWSKI & DANKOWSKI, (HENRY DANKOWSKI, and CHARLES D. SNEWIND, of counsel,) all of Chicago, for appellant.

VICTOR FROHLICH, (A. D. McMAHON, of counsel,) both of Chicago, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Mary Chmiel, appellee here, filed her suit in the superior court of Cook County against Sebastian Chmiel, appellant, for separate maintenance. Later, appellee amended her complaint and asked for a divorce charging appellant with drunkenness and extreme and repeated cruelty, and also for a division of real estate held by the parties and for other relief. Appellant denied the charges and filed his counterclaim alleging that the appellee had been guilty of desertion, which, in turn, was denied by the appellee. The cause was heard by the court without a jury, and a decree was entered granting appellee a divorce on the grounds of drunkenness and cruelty. The decree also dismissed appellant's counterclaim and made a division of the real estate held by the parties. Appellant appeals to this court from that portion of the decree making a division of the real estate between the parties.

The evidence reveals that appellee and appellant were married in 1918, and that subsequent to their marriage both of them worked and contributed over a period of years toward the accumulation of both real and personal property. It appears that the parties started in a modest way operating a furnished apartment and rooming house, a delicatessen and a sausage shop. While the evidence is in part conflicting, it appears that the accumulation of the property was made possible through their joint efforts.

Appellee and appellant appeared in open court and stipulated and agreed that the question of property rights and the distribution of the property involved be submitted to the court, and also agreed to the appraisal of the real estate which had been previously made. The stipulation further provided that the parties would be bound and abide by the decision of the court regarding the division or adjudication of the property rights. Thereafter, the evidence was heard by the court concerning the question of the prop-

erty upon the charge that the appellant had collected the rents from the property and had taken cash, bonds and an insurance policy, all of which it was charged was acquired through the efforts of the parties, jointly. The lower court found that the appellant withdrew the sum of $11,000 from a safety-deposit box, and cashed a life insurance policy from which he received $5000; that appellant has an automobile which was purchased for the sum of $1000, and further, that he has in his possession approximately $12,000 from rents collected. The court ordered that the property of the parties be divided, and that upon the division, the appellant be released from the payment of any and all alimony and support. The court awarded appellee a three-story 18-room apartment building, identified as parcel "A," located in the city of Chicago, which was appraised at from $45,000 to $50,000. Two other parcels of real estate were awarded to the appellant at a value of $13,000, identified as parcels "B" and "C."

Appellant assigns and lists twenty-five errors relied upon for reversal of the decree. In the main, appellant's assigned errors consist of the contention that the findings of the court were contrary to the evidence and that the court was without jurisdiction to make a division of the property according to the decree. He cites and relies upon the case of *Podgornik* v. *Podgornik,* 392 Ill. 124, as authority for the proposition that the court had no authority and no justification to order a division of the properties, and that all the court would have been authorized to do would be to enter a money decree for the payment of money, which would have been a lien upon the real estate. In the *Podgornik case,* the court said: "We have already pointed out that there were no allegations in the complaint and no findings in the decree of any special equities or circumstances, and no evidence upon which any such findings could have been made, which would authorize the court to direct the conveyance of real estate belonging to one of the parties, to

the other." We do not consider this case as being applicable to the present case because of the pleadings, the evidence and finding of the lower court that such circumstances did exist, and special equities likewise existed to justify the division as made of the property.

After a careful review of the evidence and the finding of the court, we are of the opinion that the lower court properly made a division of the properties owned by the parties. In the case of *Champion* v. *Myers*, 207 Ill. 308, we held that where the wife has contributed her earnings or savings and this has come into the hands of the husband and has been invested by him in real estate, the court may properly, when dissolving the marriage, decree that the wife should be vested with the title to real estate in order to effect an equitable and fair adjustment of the property rights of the parties. In this connection, it is also pointed out that here the parties appeared in open court and consented by agreement and stipulation to the jurisdiction of the court to make a division of the property.

Appellant contends that the court was without jurisdiction and that the division was unfair and inequitable. As to the contention as to lack of jurisdiction, section 17 of the Divorce Act provides: "Whenever a divorce is granted, if it shall appear to the court that either party holds the title to property equitably belonging to the other, the court may compel conveyance thereof to be made to the party entitled to the same, upon such terms as it shall deem equitable." We pointed out in the case of *Podgornik* v. *Podgornik*, 392 Ill. 124, at page 126, in construing the above section, "It is settled that under section 17 of the Divorce Act (Ill. Rev. Stat. 1943, chap. 40, par. 18,) the court, in a divorce action, may compel the conveyance of property held by one party which, in equity, belongs to the other, and may adjust the equities of the parties in any property owned by them jointly. In order, however, to warrant the court in directing the conveyance of property

belonging to one, to the other, there must be special circumstances and existing equities justifying the conveyance, and such special circumstances and equities must be alleged in the complaint and established by the proof."

Appellant apparently agrees with this proposition of law but contends there were no allegations in the complaint and no findings in the decree of any special equities or circumstances and no evidence upon which any such findings could have been made which would authorize the court to direct the conveyance of real estate belonging to one of the parties to the other.

The decree of the court found that on the date of the hearing of the divorce case the parties appeared in open court and stipulated and agreed that the question of property rights and the distribution of the property involved in the present case be submitted to the court for hearing and that the parties will be bound by the court's decision, and again, at a later date, agreed to be bound by the court's decision regarding the division or adjudication; that thereafter evidence was heard and the court made its decision as to the division.

Considerable evidence was heard but from our examination of the record we are unable to say that the findings are against the manifest weight of the evidence or that there has been palpable error committed. It is true, much of the evidence is conflicting, but this court has many times held that the decree of the lower court will not be disturbed unless palpable error has been committed or unless the decree is against the manifest weight of the evidence. *Miller* v. *Pettengill,* 392 Ill. 117; *Brozina* v. *Wanda,* 387 Ill. 46; *Lewis* v. *McCreedy,* 378 Ill. 264.

The decree of the superior court of Cook County is affirmed.

*Decree affirmed.*