## Powers v. Powers.

May 18, 1948.

Glenn H. Stephens for appellant.

R. L. Brown and Joe S. Feather for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

Appellant filed this action for divorce against appellee, requesting a restoration of certain properties. Appellee counterclaimed and prayed ''that she be given

judgment in the sum of $500.00 for her share of the allotment'' allegedly made to her and her husband by a son during his service in the armed forces in World War II; and ''that she be adjudged the owner of the farm (described in the petition) and for an equitable sum for her support while living apart from the plaintiff.'' The Chancellor granted a divorce to appellant, and adjudged each to be the owner of an undivided one-half interest in the farm, as well as the livestock and farm implements thereon. Appellant contends that the Court erred in failing to restore to him all of the property which he claims was conveyed to appellee by reason of their marriage. Appellee has cross-appealed, contending that the farm was not conveyed to her in consideration of the marriage, but was conveyed for valuable consideration, viz., to settle marital troubles with which they were faced in the year 1916. The sole question for our determination is whether the Court erred in dividing the property equally between the parties.

The uncontradicted evidence shows appellee to have been at fault in bringing about the marital difficulties; therefore, the Chancellor correctly granted appellant a divorce. The parties were married in the year 1907, and lived together approximately thirty-eight years. The evidence shows that appellee bore twelve children, nine of whom are living at this time. The farm in question was inherited by appellant from his parents; but appellee worked in the field, yearly made a garden, kept house, cared for the children, and performed all of the household duties in making a home for the family. The farm consists of approximately eighty acres of hillside land, and variously is estimated to be worth between $800 and $1500. Appellee inherited some money from her parents, which she has preserved in a bank account. Apparently the parties have had trouble since the inception of their marriage; but it is manifest from the evidence that, without the contribution of labor which appellee has made to this union, appellant would not have been able to preserve the farm in question or the livestock or implements which the Chancellor has divided as equally as possible. Under these circumstances, we are of the opinion that appellee has contributed to what little estate the parties now are in possession of

to such an extent that she should be adjudged to be the owner of one-half thereof.

We are of the opinion under the evidence that the allotment made to appellant by the son of the parties was used for the joint benefit of the parties, and that appellant should not be required further to account to appellee for her portion of the allotment.

Since the judgment of the Court conforms to this opinion, it hereby is affirmed.