Cella **GENTRY, Appellant,**

v.

Green **GENTRY, Appellee.**

Court of Appeals of Kentucky.

Dec. 12, 1958.

Strange & Pendleton, Stanton, for appellant.

O. J. Cockrell, Jackson, for appellee.

STANLEY, Commissioner.

The appeal is from a judgment denying any pecuniary award in granting the appellant, Mrs. Cella Gentry, a divorce from the appellee, Green Gentry.

The parties were married in 1918. Fourteen children were born to the union in a period of twenty-seven years. Eight of the children are living. The youngest child was about seven years old when the husband deserted his wife in 1952. Previous to the present suit the husband had sought an absolute divorce. It was denied, and judgment of divorce from bed and board was granted the wife on her counterclaim. In this judgment, rendered on October 3, 1953, Mrs. Gentry was awarded the custody of four children and $60 a month for their support. She was given the right to occupy the residence in which the family lived, title to which was in the husband and wife jointly. The right of occupancy, however, was limited until the youngest child became seventeen years old or until further orders of the court. The court also adjudged that certain land in Powell County in which title was vested in the wife belonged to the parties jointly and directed the wife to convey to the husband a one-half interest therein.

The present suit was filed by the appellee, Green Gentry, for an absolute divorce upon the grounds of five years' separation and cruel and inhuman treatment indicating a settled aversion and destroying his happiness. KRS 403.020(1) (b), (4) (d). The wife counterclaimed for a divorce on the grounds of abandonment and cruel and inhuman treatment. The wife alleged that she had helped to pay for property in Wolfe County, title to which had been placed in her husband only because of the marriage relationship and not because he had paid all the consideration. She prayed that she be adjudged owner of a half interest therein. There was a mortgage debt

of $500 on the home place which she was not able to pay, and she asked that the husband be required to pay it. She also prayed for an award of $100 a month alimony and a reasonable sum for the support of the youngest child. The husband, by reply, claimed sole ownership of the Wolfe County land and denied any obligation to pay the mortgage debt on the jointly owned home, or anything else. He sought custody of the child. The court gave the wife a judgment of absolute divorce, awarded her the custody of the child, and $20 a month for his support. It appears from a recitation in the judgment that the court was of opinion that the judgment in the action for divorce from bed and board was a final adjudication of the property rights of the parties.

The only testimony offered in support of the husband's claim for a divorce was that for some time the relations between himself and his wife had been "bad" and that "she wasn't friendly and nagged me." On the other side, the proof for Mrs. Gentry, made by evidence of herself, three sons and the husband's brother, was that all through the years she had been a very hard working woman. She had taken in boarders, cooked and waited upon them and done their laundry work. She had worked in the field as would a man, raised horses and cattle and sold them, and in general lived a life of toil and industry. The sons testified their father kept all the money that came in. One of them said his mother was the only one around the place who worked, his father being gone all the time. While this son was in the Army, he had sent his mother $400, and his father told him she never saw the money, as he had signed her name on the checks. A brother of the husband corroborated his sons and observed, "She has been too good to him; that's all there is to it—she has been too good to him." It appears neither party had anything when they married. The wife inherited some property and it was sold and the proceeds went into the property held in the husband's name.

Since the separation, other than the $60 a month paid by the father for the support of his four children who seem to have been living with their mother, the older sons and the mother's sister have cared for their needs. At the time the proof was taken, Mrs. Gentry was fifty-eight years old and in poor health. She had undergone surgery and incurred expenses of $574. It is not clear whether this has been paid by someone other than Gentry or is still owing.

The appellee was fifty-four years old at the time of the depositions and had been for sometime engaged in hauling coal under contract. He stated he was not in good health and that his earnings were small. One of his sons testified that his father was in as good health then as he was twenty years before and that he had bought four new trucks in the past year.

The trial court seems to have denied all the wife's claims, as above stated, on the ground of finality of the previous judgment of divorce from bed and board. Such a limited divorce only suspends certain of the mutual rights and obligations. The judgment is merely a decree for a legal separation and may be revised or set aside at any time by the court rendering it. The judgment operates as to the acquisition of a right to property thereafter acquired, but the status of the parties as to all property acquired previously to rendering such judgment remains the same. Restoration may not be adjudged until there is a final judgment of divorce a vinculo. KRS 403.050. Buckman v. Buckman, 214 Ky. 633, 283 S.W. 952; Hill v. Hill, 203 Ky. 182, 261 S.W. 1115. Nevertheless, the wife complied with such order of court and had conveyed to her husband an undivided half interest in the Powell County land before the present suit was filed.

If we have misinterpreted the court's reason for rendering the judgment appealed, then we must hold that denial of further relief to the wife was error.

The situation of the parties seems to be that the wife is occupying the residence under the judgment of divorce from bed and board, subject to the orders of the court. She has title to an undivided one-half interest in that property and in the Powell County land, the other half interest having been restored to the husband, as above stated. The Wolfe County land is valuable for its timber, and it was shown to be worth around $5,000. Title to it is in the husband. But all the wife's earnings, together with some inheritance from her family and $400 allotted to her by her soldier son, went into paying for the land or was otherwise spent by the husband. In a few cases presenting extraordinary conditions we have held that a wife acquired an equitable interest in property to which the husband had legal title and that the property should be divided between them. See Bell v. Bell, 299 Ky. 7, 184 S.W.2d 124; Powers v. Powers, 307 Ky. 475, 211 S.W.2d 687; Hannan v. Hannan, Ky., 256 S.W.2d 485; Patterson v. Patterson, Ky., 266 S.W.2d 91. See also Champion v. Myers, 207 Ill. 308, 69 N.E. 815; Cross v. Cross, 5 Ill.2d 456, 125 N.E.2d 488; Windham v. Windham, 144 Fla. 563, 198 So. 202; Faris v. Williams, 154 Fla. 6, 16 So.2d 293.

But the evidence in the present case is too indefinite to bring the case within that class. As stated, the trial court had recognized in granting the wife a divorce from bed and board that the husband was entitled, as restoration, to a half interest in land held in her name, which had been acquired in the same manner. The commingling of the wife's individual funds and the diversion of money which rightly belonged to her has been such that it would be practically impossible to unscramble the funds. On the whole case we think it equitable to adjudge the appellant to be entitled to $2,500 alimony and a lien on the property to secure its payment.

Concerning the wife's claim that the husband should be held liable for medical and surgical bills incurred since the divorce from bed and board, the limited divorce terminated the duty of the husband to support his wife. Such support is or should be provided for by way of suitable allowance as alimony or maintenance. 26 Am.Jur., Husband and Wife, § 340; Chapman v. Parsons, 66 W.Va. 307, 66 S.E. 461, 24 L.R.A.,N.S., 1015. We must hold that the appellee is not legally liable for this claim, although there seems to be a moral obligation to pay it.

The judgment is reversed for proceedings consistent herewith.