432 P.2d 910

**Orville E. RAU, Appellant,**

v.

**Bertha E. RAU, Appellee.**

**No. 2 CA–CIV 395.**

Court of Appeals of Arizona.

Nov. 3, 1967.

John M. Williams, Douglas, for appellant.
W. Shelley Richey, Douglas, for appellee.

MOLLOY, Judge.

This is an appeal from a divorce judgment, the defendant-husband complaining as to a finding that certain real and personal property was community property and as to a distribution of this property to both husband and wife, in equal shares, as tenants in common. A conflict of laws question is presented as to whether "separate property" acquired in the State of Illinois, when brought into this state, should be divided at the time of divorce in accordance with Illinois law, or whether such property takes on the character of "separate property" under Arizona law, so that its division at time of divorce is prohibited.

The parties took up their residence immediately after their marriage, in 1946, upon a farm owned by the husband in Illinois. This land was farmed by the husband, with the help of his wife, until 1952. During this period, the wife performed all of the normal duties of the housewife and in addition actively participated in the farming operations.[1]

In 1952, the husband made a gift deed of this Illinois property to his son, and the wife joined in the deed. With earnings ac-

---

1. "Q Now, as to the operation of the farm, did you help in the operation of the farm?

"A I did, sir. Every fall I hulled soya beans all the time all fall.

"Q And did you perform the usual duties of a farm wife?

"A I did. When they had extra men I cooked for them and had my own garden and took care of it.

\*    \*    \*    \*.    \*

"Q What do you mean you helped?

"A Well, in the fall I would help with the harvest like hulling beans and also I helped with the hay; used a tractor and such.

"Q And is that also true on the farm in Arizona?

"A Well, yes, it is. I helped with that."

quired from the farming operation in Illinois, approximately $4300, a 40-acre farm was purchased near Elfrida, Arizona, title being taken in the name of the husband. In the spring of 1953, the parties took up residence on this farm, and so continued until this divorce action in 1966. When the farm was purchased, there was a house on it which was substantially repaired[2] by the husband during the marriage. At the time of the divorce, there were two vehicles with title in the husband's name, which had been either bought with earnings from the Illinois farm, as in the case of the Elfrida farm, or purchased from a bank account standing in the husband's name in which he had placed all monies received by him while living in this state.

Both the husband and the wife had been previously married and at. the time of this marriage it was orally agreed that the property they then had accumulated[3] was to be kept separate and would go to their respective children by a prior marriage. There is no testimony in the record that this agreement was to pertain to the earnings. of husband and wife during the marriage.

In addition to the Elfrida farm and the two motor vehicles, the trial court also divided equally $3500 in savings bonds standing in the wife's name. These bonds had been acquired through the sale of some of the wife's separate real estate during the marriage. The husband had performed some work improving the property and it was the wife's testimony that she regarded these bonds as community property, in that they had been acquired jointly during the marriage. Paradoxically, the husband took the view during the trial that these bonds were the separate property of the wife.

■ The lower court found the property distributed by the decree to be community property and in this we believe the trial court erred, at least as to the Elfrida farm. It was undisputed that the purchase money for this farm came from the farming operations conducted on the Illinois land. In taking judicial notice of the laws of Illinois, Prudential Insurance Company of America v. O'Grady, 97 Ariz. 9, 396 P.2d 246 (1964), we note that the community property system does not pertain in Illinois. Property interests in movables acquired by the spouses during a marriage are determined by the law of the matrimonial domicile at the time of acquisition. Stephen v. Stephen, 36 Ariz. 235, 284 P. 158 (1930); Restatement, Conflict of Laws § 290 (1934). Property interests so acquired persist though such property be removed to another state. Stephen v. Stephen, supra; Restatement, Conflict of Laws § 291 (1934).

■ However, though we believe the trial court was in error in determining this property to be community, we do not believe that it necessarily follows that the trial court erred in dividing this property equally between the husband and wife. As an appellate court, it is our duty to affirm the judgment of the trial court, when correct, even though the trial court may have stated the wrong reasons for its judgment, In re Sherrill's Estate, 92 Ariz. 39, 373 P.2d 353 (1962), so long as the judgment is not solely the product of an erroneous legal judgment.

In the instant case, the trial court in dividing this "community" property made the determination that it was "* * * just and right * * *" for the wife to have a half interest in this property acquired through the joint efforts of husband and wife. A.R.S. § 25–318. Were the property acquired in this state, we have no doubt this judgment would be affirmed. See Evans v. Evans, 79 Ariz. 284, 288 P.2d 775 (1955); Blaine v. Blaine, 63 Ariz. 100, 159

2. The wife's testimony on this:
   "Repairs? Well, yes. He had to make it over. It was just an adobe hull."

3. The husband's version of this agreement was:

"She agreed that all the property she was to—be kept separate and was to go to her children and what I had accumulated from, on hand, was to be, go to my children."

P.2d 786 (1945); and Nace v. Nace, 6 Ariz. App. 348, 432 P.2d 896 (1967).

■ Is this determination as to what is just and right to be frustrated because A.R.S. § 25–318[4] prohibits divestiture of "separate property" in a divorce action? We think not, providing that under the law of Illinois, where this property was acquired, a division such as made would be proper. An examination of the statutory and case law of Illinois satisfies this court that if the monies earned from the farm in Illinois had been invested in Illinois real estate, taken in the husband's name, it would have been appropriate for the divorce court to have set aside to her a one-half interest in this property, either as property in which she had an equitable interest[5] or as an award in lieu of alimony.[6]

Under circumstances not too dissimilar from the instant case, Illinois courts have recognized an equitable interest in the wife arising from the nature of her efforts in furtherance of the business of the husband which should be recognized at the time of the divorce by setting aside to the wife either all or an appropriate share of the property acquired by the husband during the marriage. Cross v. Cross, 5 Ill.2d 456, 125 N.E.2d 488 (1955); Chmiel v. Chmiel, 399 Ill. 91, 77 N.E.2d 162 (1948); Killebrew v. Killebrew, 398 Ill. 432, 75 N.E.2d 855 (1947); Shekerjian v. Shekerjian, 346 Ill.

101, 178 N.E. 365 (1931); Walz v. Walz, 325 Ill. 553, 156 N.E. 828 (1927); Meighen v. Meighen, 307 Ill. 306, 138 N.E. 613 (1923); Champion v. Myers, 207 Ill. 308, 69 N.E. 815 (1904).

And, under the Illinois statute (see n. 6 supra) providing for alimony when deemed " * * * fit, reasonable and just" awards similar to that made here have been upheld as "equitable" under analogous circumstances. Schwarz v. Schwarz, 27 Ill.2d 140, 188 N.E.2d 673 (1963); Smothers v. Smothers, 25 Ill.2d 86, 182 N.E.2d 758 (1962); Persico v. Persico, 409 Ill. 608, 100 N.E.2d 904 (1951).

The decision of Yoselle v. Yoselle, 54 Ill.App.2d 354, 204 N.E.2d 129 (1964), suggests that if this wife, who prevailed in this divorce action, after a marriage lasting twenty years, had been given any less than that awarded to her here, an Illinois appellate court would be called upon to reverse.

■■ We do not believe our legislature intended to prevent our divorce court from affecting the title to any and all property which under the law of the state of acquisition might bear the label "separate property." We construe the "separate property" as to which the statutory prohibition applies to be that defined in A.R.S. § 25–213, subsec. A.[7] To apply this restriction to

4. A.R.S. § 25–318(A), as amended, reads in pertinent part:
   "On entering a judgment of divorce the court shall order such division of the property of the parties as to the court seems just and right, according to the rights of each of the parties and their children, without compelling either party to divest himself or herself of title to separate property. * * *"

5. Ill.Annot.Stat. c. 40 § 18 (Smith-Hurd 1961) provides in pertinent part:
   "Whenever a divorce is granted, if it shall appear to the court that either party holds the title to property equitably belonging to the other, the court may compel conveyance thereof to be made to the party entitled to the same, upon such terms as it shall deem equitable."

6. Ill.Annot.Stat. c. 40 § 19 (Smith-Hurd 1961) provides in pertinent part:
   "When a divorce shall be decreed, the court may make such order touching the alimony and maintenance of the wife * * * as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just. The court may order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the party such real or personal property, payable or to be conveyed either in gross or by installments as settlement in lieu of alimony, as the court deems equitable."

7. A.R.S. § 25–213.
   "A. All property, real and personal, of the husband, owned or claimed by him before marriage, and that acquired

"separate" estate acquired in a common-law jurisdiction only leads to unjust and unreasonable results. See de Funiak, Conflict of Laws in the Community Property Field, 7 Ariz.L.Rev. 50 (1965). When the restriction is limited to the statutory definition, the division made here does no violence to either the statutes of Arizona, or Illinois, and carries out the basic law of both jurisdictions that a fair division of marital property be made at time of divorce.

We propose to adopt this conflict of laws ruling as to the division of property in a divorce action without in any way affecting the passing of title of real and personal property upon the death of one of the spouses, an area of law in which a different rule of conflicts has been applied in our sister state of California, In re O'Connor's Estate, 218 Cal. 518, 23 P.2d 1031, 88 A.L.R. 856 (1933), and in which area Stephen v. Stephen, supra, may be controlling authority in this state. The statutory regulation of rights of succession has been regarded as something apart from the determination of property rights between living persons. Addison v. Addison, 62 Cal.2d 558, 43 Cal.Rptr. 97, 399 P.2d 897, 900, 14 A.L.R.3d 391 (1965); and In re Miller, 31 Cal.2d 191, 187 P.2d 722 (1947).

Nor do we see any due process objection to the applying of Illinois law to property acquired in Illinois. If the mere act of removal of property from Illinois to Arizona could destroy an interest of the wife in that property, whether we call that interest "vested" or not, we conceive that any cry of lack of due process would have a clearer ring if voiced by the wife. Cf. In re Thornton's Estate, 1 Cal.2d 1, 33 P.2d 1, 92 A.L.R. 1343 (1934).

In going to the law of the state of acquisition to support a division of property in a divorce court of this forum, we appreciate we are declining to follow the "only case" found by a law review article on this subject,[8] which decision, though in point, is unsupported by authority, and is unpersuasive to us in its reasoning.

Judgment affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.

---

afterward by gift, devise or descent, and also the increase, rents, issues and profits thereof, is his separate property."

8. The case is Latterner v. Latterner, 121 Cal.App. 298, 8 P.2d 870 (1932), and the law review article is Brown, Conflict of Laws Between Community Property and Common Law States in Division of Marital-Property on Divorce, 12 Mercer L.Rev. 287, 294 (1961).