659 P.2d 1344

**In re the Marriage of Robert W. STECZO, Petitioner-Appellee,**

v.

**Betty L. STECZO, Respondent-Appellant.**

**No. 1 CA–CIV 5604.**

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 24, 1983.

200

Norton, Burke, Berry & French, P.C. by John R. Fox, Phoenix, for petitioner-appellee.

John Friedeman, Scottsdale, for respondent-appellant.

OPINION

OGG, Presiding Judge.

At issue in this appeal is the proper allocation of a military retirement pension in a marriage dissolution proceeding. Since the filing of the dissolution petition, there have been dramatic changes in federal law regarding community property interests in military pensions and in state law pertaining to the method of distributing marital property acquired outside of Arizona. This court's disposition of the issues presented in this appeal necessarily reflects these changes.

The factual and procedural history of this matter began on July 19, 1979 with the filing of a dissolution petition alleging the marriage of Robert W. Steczo and Betty L. Steczo was irretrievably broken. The trial court entered its decree dissolving the parties' marriage on June 25, 1980. In the decree, the trial court awarded respondent-appellant, Betty L. Steczo, 38.5% of her husband's military retirement benefits as her half of the community property portion of the pension.

The petitioner-appellee, Robert W. Steczo, filed a motion for rehearing on the basis that the trial court incorrectly included the months in which the parties had resided in Nebraska and Maryland in the calculation used to determine the community property portion of the pension. On rehearing, the trial court, in an attempt to follow the then current Arizona case law, determined that neither state allowed a division of the pension benefits and the trial court reduced the appellant's share in her former husband's pension to 18.5% of the total benefits.

On August 13, 1980, the appellant brought this appeal from the trial court's order which granted the appellee's motion for rehearing and denied the appellant's motion for a new trial. Initially, the appellant raised four issues on appeal. These issues were whether:

(1) Pre-trial statements prepared in accordance with Maricopa County Local Rule 6.5 are binding upon the parties.

(2) A party may seek to amend a judgment by the use of new materials that were available to said party prior to trial.

(3) The trial court may modify its prior order concerning a division of property, reducing the wife's income without first providing an opportunity to relitigate the issues of child support, spousal maintenance and attorney's fees.

(4) A state which balances inequities in property distribution with an award of alimony should be deemed to equitably divide the property held by the parties.

Subsequently, on June 26, 1981, the United States Supreme Court issued its opinion in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), which held that there are no community property rights in military retirement benefits. As a result of that decision, the parties filed supplemental briefs addressing the issue of whether appellant was entitled to any share in appellee's military pension after *McCarty*.

In *McCarty*, the Supreme Court stated: "[C]ongress may well decide, as it has in the Civil Service and Foreign Service contexts, that more protection should be afforded a former spouse of a retired service member. This decision, however, is for Congress alone." *Id.* at 235–236, 101 S.Ct. at 2743, 69 L.Ed.2d at 608. While this appeal was pending in this court, Congress enacted the "Uniformed Services Former Spouses' Protection Act", Pub.L. No. 97–252, 96 Stat. 718, 730–738 (1982). This Act, which became effective on February 1, 1983, re-

moves the federal preemption of state laws that allow division of military pensions in dissolution proceedings.

The key provision is subsection (c)(1) of 10 U.S.C.A. § 1408 (West.Supp.1982), added by section 1002(a) of the Act, 96 Stat. 718, 730–31. This subsection reads:

(c)(1) Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

Congress' intent in enacting subsection (c)(1) is discussed in the Senate Report on the new law. That report states:

The purpose of this provision is to place the courts in the same position that they were in on June 26, 1981, the date of the *McCarty* decision, with respect to treatment of nondisability military retired or retainer pay. The provision is intended to remove the federal pre-emption found to exist by the United States Supreme Court and permit State and other courts of competent jurisdiction to apply pertinent State or other laws in determining whether military retired or retainer pay should be divisible. Nothing in this provision requires any division; it leaves that issue up to the courts applying community property, equitable distribution or other principles of marital property determination and distribution. This power is returned to the courts retroactive to June 26, 1981. This retroactive application will at least afford individuals who were divorced (or had decrees modified) during the interim period between June 26, 1981 and the effective date of this legislation the opportunity to return to the courts to take advantage of this provision.

S.Rep. No. 502, 97th Cong., 2d Sess. 16 (1982), U.S.Code Cong. & Admin.News 1982, 1555, 1611.

We do not attempt to address in this opinion the extent to which final decrees may be modified as a result of this new legislation. It is clear, however, that the effect of the Act is to allow this court to apply Arizona community property law regarding the divisibility of military pensions as it existed on June 26, 1981 to all cases pending in the trial court and on appeal. Our law prior to *McCarty* recognized a community property interest in military retirement benefits earned during marriage. *See Van Loan v. Van Loan*, 116 Ariz. 272, 569 P.2d 214 (1977). Therefore, appellant Betty L. Steczo is entitled to her one-half share of the community property portion of the benefits.

■ The only question remaining in this appeal is what portion of the benefits may be treated as community property. Appellant has raised several issues pertaining to the trial court's modification of the dissolution decree after granting appellee's motion for rehearing. We need not address these issues, however, because the trial court premised the modified decree upon Arizona case law which had been legislatively overruled by a then recently enacted statute. On that basis alone, we must reverse.

Both parties asserted at the trial level and on appeal that "[t]he issue of how to characterize property acquired by the parties during their marriage while living in a non-community property State prior to 1973 is resolved by *Rau v. Rau*, 6 Ariz.App. 362, 432 P.2d 910 (1967)." Under *Rau*, Arizona courts divided marital property acquired in a non-community property state in accordance with the law of that state.

In 1973, our legislature amended A.R.S. § 25–318 to add a "quasi-community property" provision which reads "For purposes of this section only, property acquired by either spouse outside this state shall be deemed to be community property if the property would have been community property if acquired in this state." Our supreme court in *In re Marriage of Furimsky*, 122 Ariz. 430, 595 P.2d 662 (1979), held that this amendment could not be given retroactive effect. Consequently, although the *Rau* rule no longer pertained to property acquired after the 1973 amendment, it was still applicable to the division of marital

property acquired outside Arizona prior to the 1973 amendment date.

Before the original dissolution decree was filed, our legislature adopted new subsection A.R.S. § 25–318(D), which provides, "The provisions of this section, as added by Laws 1973, Chapter 139, § 2, apply through both prospective and retrospective operation to property without regard to the date of acquisition." Laws 1980, Ch. 113, § 3. The legislation further provided that it was effective retroactively to August 8, 1973. Laws 1980, Ch. 113, § 7. Pursuant to the general effective date provided for non-emergency legislation, this legislation became effective on July 31, 1980.

Despite the pending effectiveness of the new legislation, the parties continued to argue the *Rau* formula to the trial court in the motion for rehearing. Appellant contended that Nebraska and Maryland, where the parties lived for 98 months prior to 1973, permitted the division of military pensions and that appellant was entitled to her share of the benefits earned in those two states. Appellee contended, by also applying the *Rau* formula, that Nebraska and Maryland law treats military pensions as the separate property of the military spouse and does not permit division of the pension when the marriage is dissolved. Appellee, therefore, reasoned that appellant was not entitled to a community property interest during those 98 months of service, and that

appellant's overall interest in the pension should be accordingly reduced to 18.5%.

■ At the time the trial court entered the order amending the dissolution decree on August 4, 1980, A.R.S. § 25–318(D) was already in effect, and it was error for the trial court to modify the decree based upon the *Rau* rule.[1] The trial court should have determined the community property interest in the pension[2] pursuant to Arizona's quasi-community property statute, A.R.S. § 25–318. In Arizona, military retirement benefits earned during the marriage are community property, see *Van Loan v. Van Loan, supra,* and are thereby subject to division in a dissolution proceeding according to Arizona law and without regard to the laws of other states. A.R.S. § 25–318(A) and (D).

Because the result reached by the trial court was legally incorrect, we reverse the decision of the trial court and remand for the entry of a judgment consistent with this opinion.

CORCORAN and KLEINSCHMIDT, JJ., concur.

1. This court in *Sample v. Sample* (1 CA–CIV 5546, filed simultaneously with this opinion), upheld the constitutionality of the retroactivity provision of subsection D of A.R.S. § 25–318 against a claim that retroactive application of A.R.S. § 25–318 impaired vested property rights.

2. Benefits pertaining to the four years and seven months appellee served in the military prior to his marriage are appellee's sole and separate property. A.R.S. § 25–213.